ZYNDA *v.* AERONAUTICS COMMISSION.

1. STATES—GOVERNMENTAL IMMUNITY—CONTRACTS.
    Governmental immunity is not a defense to a claim against the
    State for contractual liability arising out of either governmental
    or proprietary operations.

2. SAME—INJURY TO AIRCRAFT AT HANGAR LEASED FROM STATE—
    GOVERNMENTAL IMMUNITY.
    It was error for the court of claims to dismiss action by lessee
    of hangar space at airport, operated by defendant State de-
    partment of aeronautics and aeronautics commission under lease
    in which it was agreed latter's employees were to move plain-
    tiff's aircraft into and out of the hangar and specified lessor
    would not assume any liability for loss due to fire or theft
    within the hangar, in action in which plaintiff sought damages
    for injuries to his aircraft when a hangar door fell on it as it
    was being removed by defendants' employees pursuant to plain-
    tiff's request in accordance with terms of the lease, since the
    defense of governmental immunity is not a defense to a well-
    pleaded claim against the State for contractual liability aris-
    ing out of either governmental or proprietary operations (CL
    1948, § 691.101 *et seq.*).

Appeal from Court of Claims; Weipert, Jr. (William J.), J., presiding. Submitted September 24, 1963. (Calendar No. 36, Docket No. 50,310.) Decided February 3, 1964.

Claim by Andrew S. Zynda against Michigan Aeronautics Commission and Michigan Department of Aeronautics for damages to airplane being re-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 49 Am Jur, States, Territories, and Dependencies §§ 74, 91.

moved from leased hangar. Claim dismissed on motion. Plaintiff appeals. Reversed and remanded.

*Carl H. Reynolds* and *Norman French,* for plaintiff.

*Frank J. Kelley,* Attorney General,. and *Harold H. Warner,* Special Assistant Attorney General, for defendants.

SOURIS, J.  Plaintiff's airplane was damaged when a hangar door fell upon it as defendants' employees were removing it, at plaintiff's request, from a hangar located upon an airport operated by defendants. Attempts to reach a settlement having failed, plaintiff filed a statement of claim with the court of claims in accordance with the provisions of CL 1948, § 691.101 *et seq.* (Stat Ann 1959 Cum Supp § 27.3548 [1] *et seq.*).* That court granted defendants' motion to dismiss, reasoning that in accordance with recent decisions of this Court (*McDowell* v. *State Highway Commissioner,* 365 Mich 268, and *Sayers* v. *School District, No. 1, Fractional,* 366 Mich 217) a State agency could, as defendants did in their motion, avail itself of the defense of governmental immunity to a cause of action in tort. The court held further that nothing could be found in plaintiff's statement of claim which could be taken to allege a contractual cause of action, and, in any event, defendants' operation of the airport was not a proprietary function from which either contractual or tort liability could be imposed upon defendants.

Plaintiff's claim alleged that defendants had contracted to lease the hangar to him and to provide certain services, including moving the aircraft into and out of the hangar, and that while defendants'

---

* Currently PA 1961, No 236, chapter 64 (CLS 1961, § 600.6401 *et seq.* [Stat Ann 1962 Rev § 27A.6401 *et seq.*]).

employees were in the performance of this agreement, the aircraft had been damaged. Included in an attached memorandum agreement is a statement that the defendant department of aeronautics would not "assume any liability for loss due to fire or theft within the hangar." Plaintiff's allegations adequately pleaded the issue of defendants' breach of a contractual obligation to service the aircraft without damaging it, the existence of which obligation is at least inferable from the specific disclaimer of liability only with respect to loss incurred as a result of fire or theft. *Expressio unius est exclusio alterius.* 3 Corbin, Contracts, § 552, p 206, and cases there cited.

The assumption indulged by the court of claims in its opinion and by the attorney general in his brief on behalf of defendants, namely, that unless the State is engaged in a proprietary function it may assert the defense of governmental immunity to a claim for contractual as well as for tort liability, is incorrect. *W. H. Knapp Co.* v. *State Highway Department,* 311 Mich 186, 188; *Hersey Gravel Co.* v. *State Highway Department,* 305 Mich 333, 339 (173 ALR 302).

Inasmuch as governmental immunity is not a defense to a claim against the State for contractual liability arising out of either governmental or proprietary operations, and since plaintiff adequately pleaded such a claim, the court of claims erred in granting defendants' motion to dismiss. Reversed and remanded. Costs to appellant.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.