THOMAS *v.* BUSCH.

1. MUNICIPAL CORPORATION—ZONING—ADMINISTRATIVE PROCEDURE—
JUDICIAL REVIEW—SUFFICIENCY OF EVIDENCE.

The power of direct review by the courts of decisions made by
the board of zoning appeals of a municipality is specifically
granted by the Constitution which provides that, upon review
of an administrative decision, the courts shall determine whether
the decision is supported by competent, material, and sub-
stantial evidence on the whole record (Const 1963, art 6,
§ 28).

2. SAME—ZONING ORDINANCES—VALIDITY OF VARIANCE.

A zoning appeal board has authority to grant a variance from
the provisions of a zoning code only where it fully complies
with the provisions of the zoning code with respect to the
granting of such variance (Grand Rapids Zoning Ordinance
§ 2106).

3. SAME—ZONING ORDINANCES—VALIDITY OF VARIANCE—SUFFICIENCY
OF FINDINGS.

The granting of a variance from the provisions of a zoning code
is a nullity, and of no force and effect, where the board of
zoning appeals, in granting said variance, fails to make the
findings of fact required to be made by the zoning ordinance
before a variance may be granted (Grand Rapids Zoning
Ordinance § 2106).

4. SAME—ZONING ORDINANCES—VALIDITY OF VARIANCE—SUFFICIENCY
OF FINDINGS.

A zoning ordinance providing that there must be a finding of
certain facts before a variance therefrom may be granted
requires that the board of zoning appeals make specific factual
findings on each required issue, and this requirement is not
satisfied by mere repetition of the wording of that portion of
the ordinance setting forth such requirements (Grand Rapids
Zoning Ordinance § 2106).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 229 *et seq.*
[2] 58 Am Jur, Zoning § 196 *et seq.*
[3–5] 58 Am Jur, Zoning § 225.
[6] 58 Am Jur, Zoning § 259,

5. SAME—ZONING ORDINANCES—VALIDITY OF VARIANCE—SUFFICIENCY OF FINDINGS.

    Judgment of trial court that a variance granted by the zoning appeal board for the city of Grand Rapids was null and void for failure of the zoning appeal board to make the findings of fact required by. the zoning ordinance in granting a variance *held*, proper, where, in granting said variance, the board of zoning appeals merely reiterated the wording of the ordinance requirements with respect to the granting of a variance, and made none of the independent factual findings required by the. ordinance, since in the absence of such findings, there has been a lack of due process and the grant of the variance was wholly ineffective (Grand Rapids Zoning Ordinance § 2106).

6. SAME—ZONING ORDINANCES—ADMINISTRATIVE PROCEDURE—INSUFFICIENT FINDINGS OF FACT—VALIDITY OF VARIANCE.

    Claim by defendant that upon determination that a variance granted by the board of zoning appeals of a city is ineffective for failure of the board to make the findings of fact required by ordinance to grant such variance, the proper procedure is to remand the matter to the board for correction of its faulty performance *held*, without merit, in affected property owners' action for injunctive relief (Grand Rapids Zoning Ordinance § 2106).

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 March 8, 1967, at Grand Rapids. (Docket No. 1,685.) Decided June 27, 1967.

Complaint by Lowell Thomas against John H. Busch for injunctive relief to prohibit defendant from constructing an office building pursuant to a zoning variance granted by the Grand Rapids Zoning Appeals Board. Judgment for plaintiff. Defendant appeals. Affirmed.

*Cholette, Perkins & Buchanan (Don V. Souter*, of counsel), for plaintiff.

*Warner, Norcross & Judd (Thomas J. McNamara*, of counsel), for defendant.

Fitzgerald, P. J. The statement of facts, supplied by defendant, furnishes the setting and posture of this appeal. Following is the substantial bulk of those facts: John H. Busch is the owner of a certain parcel of land located at 638 Fulton street, east, in the city of Grand Rapids, Michigan, together with a two-story frame house located thereon, which house was constructed approximately 100 years ago. In 1962, Busch leased the premises for a period of 3 years to one Clair Brainard, who engaged in leasing the various rooms of the dwelling as a "tourist home" under the name of "Motor Inn".

The property is situated within the district designated "B–1" in the Grand Rapids Zoning Ordinance, and the pertinent regulations concerning this zone are set forth in article 16 of the ordinance (now Grand Rapids City Code, §§ 5.201–5.204 [1965]) as follows:

"Primary intended use. This zone district is designed primarily for 3-story apartments and one- and two-family residences, but rooming and lodging houses for not more than 5 persons are permitted.

"Prohibited uses. Within any 'B–1' district no building, structure or premises shall be used and no building or structure shall be erected or altered which is intended or designed to be used in whole or in part for any of the following prohibited uses:

\* \* \*

"c. Hotels, institutional offices and insurance offices."

The present use of the property as a tourist home is sanctioned by article 5 of the ordinance (now Grand Rapids City Code, § 5.41 [1965]) which provides:

"Continuance of nonconforming use of structure. The lawful use of any land or structure exactly as such existed at the time of the enactment of Ordi-

nance 1413 may be continued, although such use of structure does not conform with the provisions of this chapter."

The property in question is of irregular shape and is the only property in the area which fronts upon both Lake drive and Fulton streets. It is located proximate to one of the few 5-point intersections of the city of Grand Rapids and is, therefore, subject to considerable traffic noise. Mercy Ambulance Service is located in the same block and within approximately 2 blocks are gasoline stations and an office building.

In 1964, Herbert Soodsma, a commercial real estate developer, secured from appellant an option to purchase the premises. Mr. Soodsma also secured a commitment from Metropolitan Life Insurance Company as a prospective tenant for a one-story office building to be constructed on the property. However, due to the B–1 zoning to which the property was subject, Mr. Soodsma found it necessary to apply for a variance from the Grand Rapids board of zoning appeals authorizing the construction of the proposed office building.

Thereafter, a committee of the board of zoning appeals, together with Bernard J. Smith, the assistant planning director for the city of Grand Rapids, viewed the property. A hearing on the application made in the name of the owner, appellant John H. Busch, was scheduled for October 15, 1964, and notice was sent to all property owners within 300 feet, as required by section 2109 of the zoning ordinance (now Grand Rapids City Code, § 5.270[4] [1965]). Following the October 15, 1964, hearing, the board of zoning appeals granted a variance authorizing the construction of an office building in accordance with the plans submitted to the board.

On December 14, 1964, Allen Marcus and plaintiff Lowell Thomas filed a verified complaint in the superior court for the city of Grand Rapids alleging their status as property owners and residents of the city of Grand Rapids, and praying for an injunction precluding any work or construction on the property at 638 Fulton street. On February 1, 1965, the court rendered its decision granting a permanent injunction and reversing the variance. The court held that the granting of the variance by the board of zoning appeals was illegal for the following reasons:

"1. Because there was no proof, as far as can be determined, that evidence was submitted to the board that there are such circumstances or conditions applying to the property in question which would establish hardship or practical difficulty.

"2. There was no finding by the board that such variance is necessary for the preservation and enjoyment of a substantial property right similar to that possessed by other properties in that area. There was no finding by the board that the land in question will not yield a proper return on the investment.

"3. There was no finding by the board that the variance will not be of a substantial detriment to adjacent property.

"4. That the board did not find that the condition or situation of the specific piece of property or its intended use for which the variance is sought, is not so general or recurrent in nature as to make reasonably practical the formulation of a general regulation for such condition or situations.

"5. It is apparent that the use of the land in accordance with the variance will alter the character of the locality, and adversely affect the zoning ordinance of the city of Grand Rapids.

"6. That the evidence before the board did not establish facts upon which the board could legally base findings required by the ordinance.

"7. That the action of the board in granting defendants' application was an arbitrary, unreasonable and illegal action.

"8. That the record of the proceedings of the board of zoning appeals discloses no legal grounds for the findings made by the board."

Pursuant to the court's opinion, an order and permanent injunction were issued on February 3, 1965, reversing the variance granted by the board of zoning appeals and enjoining defendant from procuring a building permit or proceeding under the October 15, 1964, variance.

Claim of appeal was filed February 23, 1965, and this Court, following a hearing, issued an order remanding the cause to the circuit court for further testimony regarding the status of plaintiffs. See *Marcus v. Busch* (1965), 1 Mich App 134.

Testimony was taken in the circuit court on May 19, 1965, and on August 11, 1965, the court granted plaintiffs' motion to dismiss plaintiff Marcus, which holding is unappealed, and ruled that plaintiff Thomas possessed the requisite standing to maintain the action challenging the grant of the variance.

A new claim of appeal was filed July 25, 1966, which is the subject matter of the instant consideration.

Two significant events have taken place since the original hearing in this Court. First, the building which occupied the site in question has been torn down; and second, the Metropolitan Life Insurance Company has withdrawn its commitment to lease the office building which was proposed for construction under the variance. Neither issue has been raised as a formal point in the case and will remain unconsidered here regarding any possible effect on the suit.

To effectuate an orderly consideration of the two
main issues before us, *i.e.,* whether the trial court
substituted its judgment for that of the board and
whether the record of the board was adequate to
assure a reviewing court that the granting of the
variance was proper, two more recitals are neces-
sary in addition to the court's findings, *supra.*

The minutes of the zoning appeals board contain
the following entries relative to this property:

"Whereas Mr. Herbert Soodsma (Mr. John H.
Busch, owner) 638 E. Fulton street asked to erect
a new business office in B–1 zone, lot size 148′ x
150′ x 140′ x 95′, and

"Whereas this variance is contrary to section 1601
of the zoning ordinance, and

"Whereas notices of the hearing were sent to all
property owners within a radius of 300 feet, and

"Whereas Mr. Soodsma was present as represen-
tative for the appeal and explained the property
being considered is the location selected by the local
and New York city officials of Metropolitan Life
Insurance Company and is the only property they
felt would best suit their needs. With the help of
others they have made an exhaustive search and
found nothing suitable. They have also consulted
with Mr. O'Keefe who stated there was no piece
of property in the downtown area that would meet
these requirements, and

"Whereas the property is in the B–1 zone. The
neighbors all feel they would much rather have
a small one-story office building. This is especially
true when it looks like a residence. They plan for
25 parking spaces, which is a ratio of 2 to 2½ to 1.
They must exit on Fulton and Lake Drive. They
are planning to screen the property to the east with
evergreen or fence—the former preferred by the
neighbors. They would blend the landscaping of
the property with the park landscaping so that the
two would blend together, and would save all trees

possible. There would be no free standing or lighted sign. They plan to have only stainless steel lettering right on the building just for identification and those letters would be of moderate size, and

"Whereas Mr. Soodsma went on to explain that this would be no detriment to the adjacent property as the neighbors have all consented to this. The thing that is very important is that the condition is not general or of recurrent nature because of this point, and it is the only property in the area which fronts on two streets and felt this would not be setting a precedent. Any developer who would want to build a small building with ample parking would have to purchase a minimum of six houses at $12,000 plus cost of $10,000 for removal for a total of $82,000 which would be economically impracticable for development of this type. This would be an asset to the neighborhood, and on the basis of the facts presented, requested consideration, and

"Whereas the report of the committee was favorable, although there was a divided opinion among the board members. The committee felt this would blend in with the neighborhood considerably well. Mr. Holtz felt he could make a distinction because of the peculiar location as contrasted with one two blocks away on Fulton. The conditions mentioned made him favorably inclined towards the belief that this does meet the necessary provisions of section 2106. Mr. Mitus added he felt this was a definite hardship to the property because of its unusual shape, contour, and location, which is sufficient in his opinion to grant the variation, and

"Whereas this matter was given consideration at the hearing held on October 15, 1964, Now, Therefore Be It

"Resolved this request be granted in accordance with plans submitted."

To consider the court's order and the action of the board in their proper context, we supply perti-

nent portions of the zoning ordinance of the city of Grand Rapids relative to the granting of a variance:

"2106 General. No variance in the provisions or requirements of this ordinance shall be authorized by the board unless the board finds from reasonable evidence that all the following facts and conditions exist:

"a. That there are exceptional or extraordinary circumstances or conditions applying to the property in question as to the intended use of the property that do not apply generally to other properties in the same zoning district.

"b. That such variance is necessary for the preservation and enjoyment of a substantial property right similar to that possessed by other properties in the same zoning district and in the vicinity. The possibility of increased financial return shall not of itself be deemed sufficient to warrant a variance.

"c. That the authorizing of such variance will not be of substantial detriment to adjacent property, and will not materially impair the intent and purposes of this ordinance or the public interest.

"d. That the condition or situation of the specific piece of property, or the intended use of said property, for which the variance is sought is not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such conditions or situations."

Definitive authority in the area of appeal confronting us is limited largely to the cases of *Jones* v. *DeVries* (1949), 326 Mich 126, and *Tireman-Joy-Chicago Improvement Association* v. *Chernick* (1960), 361 Mich 211. The power of direct review by the courts was reinforced by Const 1963, art 6, § 28, specifically, whether the decision under review is "supported by competent, material and substantial evidence on the whole record."

In effect, it is this latter constitutional mandate which must take the spotlight in our instant consid-

eration.  Defendant sums up his contentions by the following statement:

"Appellant's position remains this: first, the primary question is whether the record of the board discloses that it based its decision upon the requisite factors.  Second, the trial court has misconceived its function as an avenue of review and has acted instead as a superzoning board.  Third, the record of the board is adequate to support its findings as a matter of law.  Fourth, the variance should be reinstated in its original terms."

If this be the test of appellant's position, we are constrained to say early in the opinion that an exhaustive review of the record before us fails to support his contention on any of the 4 counts.  The ordinance, *supra,* is unequivocal in the conditions that it imposes.  Likewise, the decision of the board of zoning appeals does not meet the mandate of the ordinance as interpreted and detailed in the court's 8-point opinion.

Even a superficial review reveals the shortcomings of the findings of the board.  The ordinance mandates that the board shall find from reasonable evidence a number of plainly stated factual findings.  The most charitable analysis of the board's findings is that they are rambling, conclusory and inferential.  The court, in its opinion, makes the following observation:

"In examining the decision of the board, there are no reasons set forth why this property meets the requirements of the ordinance.  The board must make a finding of fact to substantiate its decision, and not merely repeat the wording of the ordinance.

"The board of appeals' acts are confined to special cases meeting certain conditions and their findings as to hardship, difficulty, the effect on the purposes of the zoning ordinance, the effect on adjacent prop-

erty, and the other requirements of the ordinance must be disclosed with reasonable certainty.

"The law does not guarantee to any one that upon the purchase of property, he will profit. One buying property in restricted areas cannot be heard to complain of small profits because he is confined to residential use of his property."

After searching the record, we can heartily agree with the foregoing.

Exhaustive quotations from the record are unnecessary when we consider the actual narrowness of the question before us. The trial court, with satisfactory specificity, has pointed out the deficiencies of the order of the board.

Such decisions as that rendered by the board here, functioning as a quasi-judicial body, were condemned by this Court in *O. M. Scott & Sons Company* v. *State Tax Commission* (1965), 1 Mich App 184. While not analogous in fact situation nor subject matter, the rationale there is no less persuading than that which we must apply to the matter before us.

The duty of a zoning appeal board to make findings of fact to substantiate its decision cannot be extenuated. Mere repetition of wording, whether it be a statute or an ordinance, does not satisfy the due process test set forth in *Tireman, supra,* nor any other test of due process.

In supporting the trial court in its findings in this matter, we are constrained to quote the last paragraph from the case of *Jones* v. *DeVries, supra:*

"The only conclusion justified by the record before us is that the appeal board in granting this variance to defendants acted in violation of the express terms of the ordinance, that the grant was ineffective, and that plaintiffs are entitled to the relief decreed in the trial court."

Appellant suggests that, in the event this Court determines the board's findings were inadequate, the matter be remanded to the board for further amplification. Such a course of action, in effect permitting the board to repair its faulty performance, does not recommend itself to us as the proper course of action, particularly in view of the disposition in *Jones, supra.*

Affirmed. Costs to appellees.

BURNS and HOLBROOK, JJ., concurred.