## SITZ v. GENERAL MOTORS CORPORATION

1. Zoning—Appeal and Error—Evidence—Minutes—Due Process.

   Admission into evidence of the minutes of a zoning board of appeals, on appeal to circuit court, was error where the reported minutes of the board granting special use were formulated by the city attorney, who was not present at the meeting, and adopted by the board four months after the grant and three and a half months after plaintiffs commenced their action challenging a resolution authorizing a special use and variance, for the proceedings of the board failed to comply with due process of law.

2. Zoning—Evidence—Appeal and Error—Due Process.

   A zoning board of appeal's resolution was not supported by competent, material and substantial evidence on the whole record, when at the time plaintiffs commenced their appeal in circuit court from a resolution of the board granting a special use and variance, the record of the board contained no factual basis for support of the resolution, as required

---

Reference for Points in Headnotes

[1, 2] 58 Am Jur, Zoning § 228.

by the constitution and an applicable city ordinance; therefore, due process of law was not satisfied and the case is remanded to the board of appeals for further hearing so that the board might timely make its minutes of the proceedings and findings and an appropriate order or resolution (Const 1963, art 6, § 28; Wyoming Ordinance, No 104, §§ 18[c] [2], 18[j], 15 as amended).

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 February 3, 1970, at Grand Rapids. (Docket No. 7,133.) Decided May 27, 1970.

Complaint by Paul Sitz, Victor Holshoe, Carl Wangarin, Helen Brandou, Delones Brandou, Paul Uhbrach, Samuel Garcia, Jose Alvarez, Roger Gamblin, Floyd Whittemore, Richard Carter, and Barbara Pattes against General Motors Corporation and the City of Wyoming Zoning Board of Appeals, to set aside a resolution of the Wyoming Zoning Board of Appeals and to restrain General Motors Corporation from using property for parking purposes. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Rhoades, McKee & Boer,* for plaintiffs.

*William Garlington,* City Attorney, for the City of Wyoming Zoning Board of Appeals.

*Cholette, Perkins & Buchanan* (*Don V. Souter,* of counsel), for General Motors Corporation.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

HOLBROOK, J. Plaintiffs, residents of the City of Wyoming, Kent County, Michigan, and owners of

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

real property located therein, brought suit in Kent County Circuit Court to set aside a resolution of the defendant Wyoming Zoning Board of Appeals and to restrain defendant General Motors Corporation from proceeding to utilize the property in question for parking purposes. Plaintiffs appeal to this Court from a decision and order of the Kent County Circuit Court, granting a motion for summary judgment, pursuant to GCR 1963, 117.2(3).

Defendant, General Motors Corporation, is option purchaser of several lots in the City of Wyoming. On September 6, 1968 it filed application No. 901–8 with defendant, zoning board of appeals, to obtain (1) a special use of the premises for the purpose of employee parking; (2) a waiver of front yard setbacks on those lots located in a residential zone; and (3) a waiver of side yard set-backs on those lots located in a residential zone which abut the business or industrial zones on the south. A short time thereafter General Motors Corporation filed a similar application No. 910–8 relative to an additional parcel of property then under option. Both applications were consolidated for hearing before the zoning board of appeals.

A public hearing was held before the board on September 23, 1968 concerning the applications. Minutes of that hearing, taken and recorded, reveal that the attorney for defendant, General Motors Corporation, was present and stated the need for parking and that such facilities would be an improvement to the area. Several property owners living in the area in question also appeared at the hearing. After they had stated their objections to the applications, the hearing was adjourned. At a later time that day a meeting was held with five of the seven members of the board in attendance, and discussion was had after which a resolution

was passed authorizing the requested special use and variance. The minutes of the first meeting consisted of the testimony of those witnesses who opposed the petitions, and indicated the presence of counsel for General Motors Corporation who addressed the board concerning its applications. *No. minutes of the second meeting of September 23, 1968 were taken.*

Plaintiffs timely commenced this present action to enjoin the General Motors Corporation from proceeding with the project and for superintending control to set aside the resolution of the zoning board of appeals.

In January, 1969, the Wyoming city attorney, William Garlington, after various discussions with members of the board, prepared minutes of the second meeting on September 23, 1968, at which the special use permit and zoning variance were granted to General Motors Corporation.

At the hearing on defendants' motion for summary judgment the following relevant testimony was elicited upon examination of William Van Houten, city clerk, member and clerk of defendant, zoning board of appeals:

"*A.* * * * first, Mr. Garlington called me and wanted the complete minutes and said, 'Where are the minutes for your second meeting?' I said, 'We don't keep minutes for the second meeting.'

"*Q.* And what is your second meeting?

* * *

"*Q.* The second meeting would just be discussion between the members?

"*A.* Discussion on—back and forth, and this is where the facts, these findings of fact are brought out. However, up until this time, we have not kept

a record of them, descriptive or otherwise, and then we vote.

\* \* \*

"*Q.* When the January minutes were prepared, who was present?

\* \* \*

"*A.* They were prepared from the discussions with the members.

"*Q.* All right. What discussion and who was present and when was it held?

"*A.* To give you the date, I can't.

"*Q.* All right.

"*A.* But I know that at one time Mr. Wolfert, who is a member of the board, and myself were present in a discussion with Mr. Garlington and I also know that from, either by phone calls or personal discussions that Mr. Garlington had with other members of the board, is what—where these came from."

Mr. Van Houten further testified that the board had before them the notes taken at the September 23, 1968, public hearing, views of the premises prior to the meetings of the board, and defendant General Motors Corporation's applications. The minutes of the September 23, 1968, meeting as formulated by the city attorney in January, 1969, were adopted at a regular meeting of the board on January 27, 1969. Such minutes, as prepared, consisted of facts and findings in support of the board's determination.

The circuit court considered the board's minutes as prepared in January, 1969, and granted defendants' motion for summary judgment. An order in accordance therewith was entered on February 28, 1969.

The two issues raised on this appeal as restated are:

(1) *Were the special use permit and zoning variance, obtained by the General Motors Corporation,*

*properly granted in accordance with due process of
law, by the Wyoming Zoning Board of Appeals?*

(2) *Was it error for the circuit court on review to
consider the purported minutes of the board as
formulated by the city attorney and adopted by the
board more than four months after the grant, and
three and one-half months after plaintiffs com-
menced their suit in court?*

We consider both questions together. Plaintiffs
contend that admission into evidence of the minutes
in the form of purported facts and findings of de-
fendant board, prepared in January, 1969, was er-
roneous, because the proceedings of defendant zon-
ing board of appeals failed to comply with due proc-
ess, *viz.:* (1) the failure of defendant zoning board
in not making a record of the minutes and findings of
the second meeting purportedly supporting the reso-
lution at the time of granting of a special use and
variance hindered the administration of justice and
imposed an undue burden upon property owners
who were opposed to the grant, *i.e.,* in the absence
of minutes of the second meeting and finding of facts
justifying the grant of a special use and variance an
aggrieved party is effectively precluded from deter-
mining whether judicial review of the action taken
by the board of appeals would be justified; and (2)
preparation of the minutes and findings in support
of the resolution some months later by the city at-
torney who was not present at the hearing does not
satisfy the requirements of due process of law.

Under the facts in this case we conclude that plain-
tiffs were correct in their contentions.

Defendants counter by asserting that due process
is a two edged sword; that if the circuit court is not
permitted to review all of the facts, General Motors
Corporation has been denied due process based upon
a procedural error of a governmental unit over which

defendant had no knowledge or control; that notwithstanding the error of defendant zoning board of appeals in failing to make notes or take minutes of the meeting held on September 23, 1968, at which General Motors Corporation was granted a special use and variance as requested, such error was corrected by the preparation, in January, 1969, of minutes containing the required facts and findings; and that General Motors Corporation should not suffer by an exclusion of the late minutes from evidence in this cause.

At the time plaintiffs commenced this action in circuit court on October 3, 1968, the record of the board contained no factual basis for support of resolution 517, adopted by the board on September 23, 1968.

Therefore the resolution of the board was not supported by competent, material and substantial evidence on the whole record as required under Const 1963, art 6, § 28.   See, *Indian Village Manor Company* v. *City of Detroit* (1967), 5 Mich App 679, 686.

Defendant zoning board of appeals, is granted power, pursuant to § 18(C)(2) of the Wyoming ordinance No 104 to "[h]ear and grant or deny applications for 'Special Uses,' development plans, parking areas, or other matters upon which the board is required to act under the provisions of this ordinance."  The board must, in exercising such power, find that the grant of an application for a zoning variance or special use permit, relative to a particular building, land, or premises, is in full compliance with the standards set forth in the relevant sections of the ordinance.

Section 18(J) of Wyoming ordinance No 104 provides for variances as follows:

"No variance in the application of the provisions of this ordinance shall be made by the board * * * unless, *after a public hearing, the Board shall find:*

"1. That there are exceptional or extraordinary circumstances or conditions applicable to the property or to the intended use that do not apply generally to other property or class of use in the same vicinity and district.

"2. That such variance is necessary for the preservation and enjoyment of a substantial property right.

"3. That the granting of such variance will not diminish the marketable value of adjacent land and improvements or unduly increase congestion in the public streets.

"4. That the condition or situation of the specific piece of property, or the intended use of said property, for which the variance is sought is not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such conditions or situation." (Emphasis supplied.)

The determinations to be made by the zoning board in granting or denying an application for a special use permit are dealt with in § 15 of Wyoming ordinance No 104, as amended by Wyoming ordinance No 104-12, § 13(A)(3):

*"Following said [public] hearing* the board may grant approval for said application provided it shall find the proposed is essential and desirable. * * * *In determining other requirements and whether the proposed use is essential and desirable, the following standards shall be followed by the board:*

"a. The possible substantial and permanent adverse effect on neighboring property.

"b. The consistency with the spirit, purpose and intent of this ordinance.

"c. The possible adverse effect upon traffic as related to the streets, churches, schools and any buildings within the immediate area.

"d. The tendency of the proposed use to create any type of blight within the immediate area.

"e. The economic feasibility for the area.

"f. Any other factor as may relate to the public health, safety and welfare for persons and property." (Emphasis supplied.)

Resolution 517 granting special use and variance permits, failed to make findings of fact to substantiate its decision as required to satisfy due process of law. *Thomas* v. *Busch* (1967), 7 Mich App 245, 255.

In *Tireman-Joy-Chicago Improvement Association* v. *Chernick* (1960), 361 Mich 211, it is stated at p 218:

"In *Stolz* v. *Ellenstein* (1951), 7 NJ 291 (81 A2d 476), the board of adjustment granted a variance after making a personal inspection but without disclosing on the record the facts and circumstances that impelled their action. The supreme court of New Jersey held that *full disclosure on the record* of the facts relied upon for the board's findings was requisite, citing (p 297) an earlier opinion in *Giordano* v. *City Commission of the City of Newark* (1949), 2 NJ 585, 589 (67 A2d 454, 455):

*'No determination can be permitted to rest upon undisclosed findings or information dehors the record. If such could be the parties would be denied the essence of a hearing, they would be kept in ignorance of the things controlling the action of the board, and due process would be flouted.* The rights of the parties can only be protected, *both in the trial tribunal and on review,* by a full disclosure on the record of the facts relied upon for the board's findings.'" (Emphasis supplied.)

8A McQuillin, Municipal Corporations (1965 Rev), § 25.272, pp 247–249, 251, 252 states in part:

*"Ordinarily before arriving at its decision, a zoning board makes findings of fact upon the evidence.*

Sometimes, it is required to do so, and it must base
its decision upon its findings from the evidence be-
fore it.  * * *  *The making of findings of fact may
be a jurisdictional requisite to the grant or denial
of a variance, exception, or other form of re-
lief.*

* * *

"Quite commonly, a zoning board of adjustment
or review is required by law to state the reasons or
grounds for the action that it takes, *in order that in-
terested parties have notice and knowledge thereof,
and also to enable a reviewing court to determine
whether or not the board acted within its discretion*
and according to the pertinent laws.  * * *  " (Em-
phasis supplied.)

The circuit court, in its written opinion, stated in
part:

"The fact that the minutes were not prepared
promptly after the hearing before the Zoning Board
of Appeals does not present a problem since in
*Lorland Civic Association* v. *DiMatteo* (1968), 10
Mich App 129 *the case was remanded for the taking
of further testimony.*"  (Emphasis supplied.)

The testimony taken at the hearing on the motion
for summary judgment discloses that the five mem-
bers discussed amongst themselves at the second
meeting the matter of the applications for special
use and variance.  The chairman of the board was
purportedly employed by General Motors Corpora-
tion and he was alleged to have informed the other
members of the needs of General Motors Corporation
for the special use and variance.  No doubt there
were other discussions, however there were no min-
utes recorded either by notes or by a secretary as
was the case at the first meeting.

In *Lorland, supra,* the order and findings of fact
were apparently in proper order, however, they were

not based on substantial evidence.  Our Court on
review was presented with two sets of transcripts:
one of testimony taken by the board of zoning ap-
peals and the other of testimony heard by the cir-
cuit judge.  Our Court stated on pp 136, 138:

"In our opinion both the circuit judge and we
*review the order of the appeals board on the record
made before the appeals board,* and the parties
should not have been permitted at the circuit court
hearing to add to the record, either for the purpose
of sustaining or defeating the appealed order.

\*  \*  \*

"The legislature and common council have confided
to the zoning appeals board the power to allow a
variance, subject to limited appellate review.  Courts
review the appeals board's exercise of that power.
The appellate court's task is to determine whether
the order on appeal has been entered according to
law."  (Emphasis supplied.)

We believe our Court's order of remand in *Lor-
land* to the board for the taking of further testimony
was adopted in the interests of justice rather than
the alternative of reversing and setting aside the
order of the board granting a variance.

We likewise conclude in the instant case that the
interests of justice require a remand to the board for
a further hearing so that it might timely make its
minutes of the proceedings and findings and an ap-
propriate order or resolution.

It was error for the circuit court to admit into
evidence the facts and findings embodied in the pur-
ported minutes of the September 23, 1968, meeting,
dated January 27, 1969, as prepared for the zoning
board by the city attorney.  Approval by the circuit
court of the zoning board's grant of General Motors
Corporation's applications in this cause, upon the
basis of such late and irregular minutes and finding

of facts, constituted a denial of due process to plaintiffs.

The granting of the summary judgment in favor of defendants by the circuit court is reversed and remanded to the board of zoning appeals for further proceedings not inconsistent with this opinion.

Costs to appellants.

All concurred.