MIDWEST TEEN CENTERS, INC., *v.* CITY OF ROSEVILLE

1. LICENSES—LICENSE FEE—CONSIDERATION.
   Payment of a simple license or permit fee is not such consideration as will change a license relationship into a contractual relationship.

2. LICENSES—REVOCATION—DUE PROCESS.
   A license issued by a municipal corporation can be revoked only if the revocation procedure follows due process.

3. LICENSES—REVOCATION—WRONGFUL REVOCATION—MONEY DAMAGES.
   A licensee who has his license revoked in violation of procedural due process by the municipal corporation which issued the license cannot maintain a suit for money damages, because a licensee has no property right in his license.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 October 7, 1971, at Detroit. (Docket No. 11200.) Decided October 26, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Licenses and Permits § 18.
[2, 3] 51 Am Jur 2d, Licenses and Permits §§ 88, 142.

Complaint by Midwest Teen Centers, Inc., against the City of Roseville for money damages for the wrongful revocation of a dance hall permit. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Glotta & Adelman,* for plaintiff.

*Ross, Bruff & Rancilio, P. C.,* for defendant.

Before: LESINSKI, C. J., V. J. BRENNAN and O'HARA,* JJ.

LESINSKI, C. J. Plaintiff, Midwest Teen Centers, Inc., brought this action for money damages against defendant City of Roseville, a municipal corporation, alleging wrongful revocation of a dance hall permit. The trial court, pursuant to GCR 1963, 117.2(1), granted defendant's motion for summary judgment for failure to state a claim upon which relief could be granted. Plaintiff appeals as of right.

On April 4, 1967, defendant City of Roseville, acting through its city council, issued a permit to plaintiff authorizing it to operate the Hullabaloo Club, a teen dance center, in Roseville. Condition 19 of the permit established a procedure for revocation of this permit should plaintiff be charged with a violation of any of its terms. It states:

"19. That in the event the city, its agents or employees charge that a violation of this permit has been committed by the recipient hereof, then in that event the city, through its agents, *et cetera,* shall file a written complaint with the city council, and the city shall serve a copy of said written complaint

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

upon the recipient hereof, and in addition shall set a hearing before the city council giving the recipient hereof not less than ten (10) days prior notice of such hearing. A stenographic record shall be kept of the proceedings before the council hearing the complaint, and the city and the recipient hereof shall be given the right and opportunity to present witnesses concerning whatever matters may be deemed relevant and material to the issue. At the conclusion of the hearing, the city council shall make its decision known as to its finding on the complaint and shall have the absolute right to revoke this permit, in the event the recipient is found to be in violation of any of the conditions of this permit."

On October 9, 1968, the Roseville City Council revoked this permit. Plaintiff contends that the defendant failed to follow the procedure outlined in condition 19 for the revocation of this permit, and in so doing denied plaintiff due process of law.

Plaintiff claims that this permit was a contract between itself and defendant, and when defendant violated condition 19 it entitled plaintiff to money damages resulting from the wrongful revocation.

Our examination of the law in this case has failed to reveal any authority whatsoever that would establish that this permit is a contract. On the contrary, the only case plaintiff cites on this point, *Eastwood Park Amusement Co.* v. *Mayor of East Detroit,* 325 Mich 60 (1949), clearly points in the opposite direction; namely, that this permit is a license and not a contract. There, the Michigan Supreme Court stated at 76 its approval of the language used in *People* v. *Schafran,* 168 Mich 324, 330, 334 (1912), that:

"The licensee has no vested property right in his license; in fact, it would not be in the power of the

legislature to make an irrepealable contract as to that which affects the public morals or public health so as to limit the exercise of the police power over the subject matter.  *  *  *

"We have already covered the first, second, and third request to charge and have said that a license to sell liquor is not a contract but only a promise to enjoy the privilege on the terms named for a specific time, unless it be sooner revoked.  The granting of a license is an exercise of police power, and does not include any contractual relations whatsover. *Stone* v. *Mississippi,* 101 US 814; 25 L Ed 1079 (1880)."

The granting of this dance hall permit was clearly an exercise of the City of Roseville's police power. There is no evidence of any consideration running from plaintiff to defendant which is a basic ingredient of any contract.  Payment of a simple license or permit fee is not such consideration as will support the existence of a contractual relationship. There is no indication that this permit was anything more than a written promise to enjoy the privilege of operating a teen club, in Roseville, on the terms named for the period specified, subject to the city's absolute right to revoke this privilege, pursuant to the procedure in condition 19.  Indeed, plaintiff itself admits its status as a licensee when it states on p 5 of its brief:

"The *Eastwood Amusement Company* case established that in order to revoke a license, *such as the license involved in the present situation,* the licensee is entitled to proper notice of the exact charges and a prompt and fair hearing on those charges."  (Emphasis supplied.)

The fact that this Court has determined that this permit is in actuality a license in no way detracts

from plaintiff's right to have procedural due process observed in its revocation. The Michigan Supreme Court in *Prawdzik* v. *Grand Rapids,* 313 Mich 376, 392 (1946), stated in regard to the revocation of a restaurateur's license, that:

"The commission may not revoke a license except on a specified showing after notice and hearing, with the further requirement that exact charges shall be filed. Nor may the license be revoked unless it is found that the licensee has refused to comply with the terms of the ordinance, or is unable to do so or is an habitual violator."

In *Eastwood Park Amusement Co.* v. *Mayor of East Detroit, supra,* at 72, the Michigan Supreme Court again reiterated a licensee's right to procedural due process in the revocation of his license.

"Had a good and proper notice of revocation been given setting forth the specific violation of section 16 and that the city was proceeding in accordance with section 21 to revoke the license, and had plaintiff thereupon been given a prompt hearing, it would have satisfied the due process clause to which plaintiff is entitled."

On appeal from the grant of defendant's motion for summary judgment, we must accept as true all of plaintiff's material allegations of fact. *Prawdzik* v. *Grand Rapids, supra,* p 380. On this basis the record would indicate that the plaintiff was afforded none of the procedural safeguards outlined by the Michigan Supreme Court in the *Prawdzik* and *Eastwood Park Amusement Co.* cases.

The fact, however, that plaintiff's license was not properly revoked does not mean that an action for money damages against the City of Roseville can be maintained.

A license is a mere privilege to carry on a business subject to the will of the grantor, and it is not property in the sense which is protected under the Constitution. *Eastwood Park Amusement Co.* v. *Mayor of East Detroit, supra,* at 76. Furthermore, a license ordinarily carries no property or contractual right free from impairment by subsequent legislative action and may generally be suspended or revoked in keeping with its terms at any time by the appropriate authority in the exercise of the police power. C. Rhyne, Municipal Law (1957 ed), § 27-1, pp 638–639. Plaintiff having no property right in this license, there is consequently no monetary damage which can be recognized even for its wrongful revocation.

Affirmed.

All concurred.