## KETHMAN v OCEOLA TOWNSHIP

Docket No. 77-4299. Submitted December 5, 1978, at Lansing.—Decided January 16, 1979. Leave to appeal denied, 406 Mich 960.

Plaintiff, Robert C. Kethman, purchased a 90-acre parcel of land in Oceola Township, Livingston County, on a land contract. This parcel of land would be landlocked were it not for a 33-foot wide access easement appurtenant to the property. The township enacted an ordinance on Januray 6, 1972, which requires that all private roads serving access to more than one parcel of real estate be 66 feet wide. Seeking to divide and develop the property for sale, plaintiff petitioned the township for a variance from the above requirement.

The township's board of zoning appeals granted the variance at a hearing on June 15, 1972. Nearly a year later, the township zoning administrator notified the plaintiff that the township considered the "land use permit" to be void and of no effect due to the failure of the board of appeals to keep minutes of the meeting at which it was granted. The plaintiff's application fee was returned and he was invited to reapply for a variance. At the time that the plaintiff was notified of the revocation of the variance, he had commenced construction of a road bed on his right-of-way.

The plaintiff then appeared before the township's board of zoning appeals for a rehearing on the variance. On this occasion his "land use permit" was declared null and void and an earlier stop work order, which had been placed on plaintiff's property and later lifted, was reinstated.

The plaintiff then commenced an action in Livingston Circuit Court seeking an order enjoining the township from further interference with the development of plaintiff's property and

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Zoning and Planning §§ 316, 358.
[2] 82 Am Jur 2d, Zoning and Planning § 337.
[3, 4] 82 Am Jur 2d, Zoning and Planning § 317.
[5] 82 Am Jur 2d, Zoning and Planning § 151.
[6] 82 Am Jur 2d, Zoning and Planning § 21.
[7] 82 Am Jur 2d, Zoning and Planning § 6.

seeking monetary damages from the defendant, alleging that actions taken to enforce the ordinance constituted an unconstitutional "taking" of private property. The court, Paul R. Mahinske, J., rendered judgment for the plaintiff, reinstating the variance and awarding damages, apparently on a contract theory. The defendant township appeals, alleging 1) that the trial court erred in holding the original variance to be valid, 2) that any rights obtained by the plaintiff at the original hearing were rendered null and void by the plaintiff's misrepresentations at that hearing, and 3) that the award of damages and the amount of damages awarded were improper. *Held:*

1. The failure of the defendant township's board to keep an adequate record cannot be used by the defendant to render the plaintiff's variance null and void.

2. The plaintiff offered evidence at trial that he had been required to present a "rough" sketch of his intended development only, not a precise description of his plans. The trial court's conclusion that the plaintiff was not guilty of fraudulent misrepresentations in the original hearing was based on ample evidence and was not clearly erroneous and is binding on appeal.

3. The township acted beyond its authority in ordering the reconsideration of the validity of the plaintiff's variance several months after the original hearing.

4. There is no support in the record for the award of damages to the plaintiff. The revocation of the variance did not constitute a breach of contract and there is no evidence to support a conclusion that a taking of private property occurred.

Affirmed in part and reversed in part.

1. ZONING — TOWNS — BOARD OF APPEALS — RECORD OF PROCEEDING — VARIANCES.

  A township whose board of zoning appeals is responsible for maintaining the records of its own proceedings will not be heard to say later that a variance granted to a property owner is null and void because of the board's own failure to keep an adequate record.

2. ZONING — TOWNS — BOARD OF APPEALS — HEARINGS — FRAUDULENT MISREPRESENTATION — FACTUAL DETERMINATION — APPEAL AND ERROR — COURT RULES.

  A trial court's factual determination that a plaintiff was not guilty of fraudulent misrepresentations in an original hearing before the board of zoning appeals of a defendant township is binding on appeal where there is ample evidence to support the

trial court's determination and the determination is not clearly erroneous (GCR 1963, 517.1).

3. ZONING — BOARD OF APPEALS — POWERS — REHEARING — STATUTES.

Zoning appeal boards are not courts nor possessed of the powers of a court but are limited to the enabling statutes and ordinances creating them; hence, where no power to grant rehearings of their determinations has been conferred, they have no power to do so, since they are without the inherent power in such respect (MCL 125.271 *et seq.;* MCL 5.2963[1] *et seq.).*

4. ZONING — TOWNS — BOARD OF APPEALS — INHERENT POWERS — IMPLIED POWERS — VARIANCES — STATUTES.

A township's board of zoning appeals is imbued with no inherent powers and has only those powers invested in it by statute or ordinance; therefore, there was no statutory authority to order the reconsideration of the validity of a variance granted to a plaintiff by a board of zoning appeals and a township acted beyond its power in ordering such a reconsideration several months after the original hearing at which the variance was granted, and this power will not be implied.

5. ZONING — TOWNS — TORTS — MUNICIPAL CORPORATIONS — GOVERNMENTAL IMMUNITY.

Governmental units as a general rule are protected by the doctrine of governmental immunity from tort liability arising out of the governmental function of zoning.

6. ZONING — TOWNS — BOARD OF APPEALS — VARIANCES — REVOCATION OF VARIANCE — CONTRACTS — BREACH OF CONTRACT.

Revocation of a zoning variance by a township does not constitute a breach of contract even though its zoning board of appeals was not free to remove the variance at will.

7. ZONING — TOWNS — VARIANCES — REVOCATION OF VARIANCE — AWARD OF DAMAGES — CONSTITUTIONAL LAW — TAKING OF PRIVATE PROPERTY.

An award of damages to a property owner in an action against a defendant township for the improper revocation of a zoning variance which had been granted to the property owner may be upheld, at least in part, if the facts of the case indicate that the defendant has unconstitutionally taken private property for its own use.

*Drury & Pikkarainen, P.C.,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Theodore W. Swift* and *William K. Fahey*), for defendant.

Amicus Curiae: *Bauckman, Reed, Lang, Schaefer & Travis,* for Michigan Township Association.

Before: D. E. HOLBROOK, JR., P.J., and D. E. HOL-BROOK and CYNAR, JJ.

D. E. HOLBROOK, J. Plaintiff is the land contract purchaser of a 90-acre parcel of real property in the defendant township. Were it not for a 33-foot wide access easement appurtenant to his property, the plaintiff's acreage would be landlocked. The defendant township's zoning ordinance, enacted January 6, 1972, requires that all private roads serving as access to more than one parcel of real estate be 66 feet wide. Seeking to divide and develop his property for sale, plaintiff petitioned the defendant for a variance from the above requirement on June 15, 1972.

The plaintiff alleged that on the above date he was granted a variance at a hearing of the defendant's board of zoning appeals. Nearly a year later, the plaintiff was notified by the township zoning administrator that the township considered his "land use permit" to be void and of no effect due to the board of appeals' failure to keep minutes of the meeting at which it was granted. The plaintiff's application fee was returned and he was invited to reapply for a variance exempting his access road from the 66-foot requirement.

The plaintiff received the above communication on May 24, 1973, at which time he had commenced construction of a road bed on his right-of-way. He continued to work toward the completion of his private road, apparently at an accelerated rate, until the defendant placed a stop-work order

on his property May 31. This order was lifted soon after, upon the advice of defendant's attorney, and the plaintiff resumed construction. On June 14, 1973, the plaintiff appeared before the defendant's board of appeals for a rehearing of his petition for a variance; on this occasion his "land use permit" was declared null and void. Further, the stop-work order on plaintiff's property was reinstated.

Plaintiff filed a complaint in circuit court on September 4, 1973, alleging that defendant's ordinance was void as applied to plaintiff, that the defendant's action in discontinuing the permit was arbitrary and capricious, and that the plaintiff suffered substantial damages as a result of his loss of potential purchasers. The plaintiff requested that the township be enjoined from further interference with his development and in a second count sought $180,000 damages from the township, alleging that actions taken to enforce the subject ordinance constituted an unconstitutional "taking" of private property.

Despite various defenses raised by the township, the circuit court rendered judgment for the plaintiff, reinstating the plaintiff's variance. The court also found the plaintiff to be entitled to $110,172.25 in damages, apparently on a contract theory. The defendant township appeals from this decision by right, assigning several errors.

The defendant first contends that the lower court erred in holding the original variance granted to plaintiff to be valid.[1] The defendant maintains that its zoning board of appeals' failure to comply with the written record requirements of MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.* (the

---

[1] Although denominated a "land-use permit", the plaintiff's exemption from the requirements of defendant's ordinance was clearly more properly termed a "variance", see 3 Anderson, American Law of Zoning (2d ed), § 18.02, p 136.

township zoning enabling act) rendered the original variance granted plaintiff void *ab initio*. In making this argument, the defendant township relies upon several cases holding that a decision rendered by a zoning appeal board upon either conclusory findings or upon no record at all is invalid as a denial of due process. *Tireman-Joy-Chicago Improvement Ass'n v Chernick,* 361 Mich 211; 105 NW2d 57 (1960), *Thomas v Busch,* 7 Mich App 245; 151 NW2d 391 (1967), *Badanek v Schroskey,* 21 Mich App 582; 175 NW2d 784 (1970), *Sitz v General Motors Corp,* 24 Mich App 119; 179 NW2d 675 (1970).

Each of the cases cited by the defendant, however, began as a suit by neighboring property owners challenging the action of the zoning board. None of these cases involved a *party to the proceeding* later attempting to invalidate the outcome reached in that proceeding on due process grounds. These cases provide even less support for the proposition advanced by defendant township, *i.e.,* that the body responsible for maintaining the record of a proceeding may later rely upon its own nonfeasance to render the action taken void.

The defendant township will not be heard to say that the decision reached by its own appeal board was "'a whimsical conclusion, and wholly unwarranted under the facts'", *Tireman, supra,* at 217; nor will the party responsible for the proper conduct of these proceedings be heard to claim that it has been " 'denied the essence of a hearing * * * [or] kept in ignorance of the things controlling the action of the board' ", *Tireman,* at 218. The cases cited by the defendant township should not be read so broadly as to require reversal at the behest of the defendant. As against the defendant township, the variance granted plaintiff on June 15,

1972, was not rendered null and void by the township board's failure to keep an adequate record.

The defendant next claims that any rights obtained by the plaintiff at the original hearing were rendered null and void by the plaintiff's fraudulent misrepresentations at that hearing. *Twp of West Bloomfield v Chapman,* 351 Mich 606; 88 NW2d 377 (1958). The defendant contends that the plaintiff was granted a variance in reliance upon his testimony that the subject parcel was to be divided into eight lots and that the plaintiff had personally unsuccessfully approached the owners of the land adjoining his right-of-way in an attempt to purchase additional land for width. According to the defendant, its appeals board rejected the plaintiff's second petition for a variance when it learned that the plaintiff now intended to divide the parcel into 11 separate lots and that in fact the plaintiff had never personally approached the said landowners. The plaintiff offered evidence tending to show that the proceeding at which his variance was granted was very "informal". He testified that he was asked merely to submit a "rough" sketch of his intentions. The plaintiff alleged that he was never instructed to present a precise description of his plans which would be immutable. The plaintiff also testified that he had informed the board simply that the neighbors had been approached, not that he had personally attempted to purchase additional right-of-way. According to the plaintiff, his land contract vendor had approached the abutting landowners on his behalf.

The trial court chose to adopt the plaintiff's portrayal of the subject hearing, and there is ample evidence to support this interpretation. This factual determination that the plaintiff was not guilty of fraudulent misrepresentations in the orig-

inal hearing is not clearly erroneous and is therefore binding on appeal. GCR 1963, 517.1.

We find the variance originally awarded the plaintiff to have been valid. As a result, the question on review becomes whether the defendant township properly *reconsidered* and *revoked* the plaintiff's variance in June of 1973.

The township zoning enabling act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* does not expressly provide for the rehearing of a granted variance application. Analogically, the city and village zoning enabling act, MCL 125.581 *et seq.;* MSA 5.2931 *et seq.,* similarly does not expressly allow for such a rehearing, yet such a power has been implied under exceptional circumstances. In *McVeigh v Battle Creek,* 350 Mich 214; 86 NW2d 279 (1957), the appellant city was granted a rehearing before the zoning board of appeals seven days after the hearing during which the plaintiff's variance was granted. The trial court, citing general language of "finality after 5 days" contained in MCL 125.585(d); MSA 5.2935(d), held that as a matter of law such a rehearing must be held within five days. The Supreme Court affirmed, stating:

"It is urged by defendant, city of Battle Creek, that a zoning board of appeals has *inherent power to grant a rehearing* where no rights have intervened between entry of the original order and the order granting a rehearing. We note that *neither the statute nor the zoning ordinance grants or authorizes a rehearing.* We are not unmindful of the fact that zoning appeal boards are not courts, nor are they possessed of the powers of a court. Such boards are *limited to the statute and the ordinance.* It is our opinion that such boards *do not have the inherent power to grant a rehearing.*" 350 Mich 214, 217; 86 NW2d 279 (1957). (Emphasis supplied.)

The court's admonition is also relevant to a consideration of the authority of a township board to grant a rehearing. Here, also, neither the enabling act nor the defendant's ordinance provides for the rehearing of a granted variance. Here, also, the appeal board is imbued with no inherent powers, and thus possesses only those powers expressly invested in it by statute or ordinance. See 3 Anderson, American Law of Zoning (2d ed), § 20.50, p 568. For this reason we hold that the defendant township acted beyond its authority in ordering the reconsideration of the validity of the plaintiff's variance several months after the original hearing. This power, not granted by statute, will not be implied. Given our resolution of this issue, we need not consider whether the plaintiff relied upon the instant variance to such extent as to create in him vested rights in its continuance. See *Dingeman Advertising, Inc v Algoma Twp,* 393 Mich 89, 98; 223 NW2d 689 (1974), *City of Lansing v Dawley,* 247 Mich 394; 225 NW 500 (1929), and *Souter v Board of Zoning Appeals of the City of Grand Rapids,* 63 Mich App 451; 234 NW2d 562 (1975). We do note in passing, however, that plaintiff's reliance upon the variance appears to have been substantial.

Finally, counsel for the defendant township, aided by the excellent amicus curiae brief submitted by the Michigan Township Association, challenge both the court's authority to award the plaintiff damages and the amount of damages awarded. While the plaintiff's complaint seeks damages for the unjust taking of plaintiff's property, the trial court's opinion describes the damages awarded in contractual terms. The plaintiff contends in defense of the court's award that defendant's revocation of plaintiff's variance was

not a governmental function and that it was in fact a breach of contract to which governmental immunity does not apply, *Zynda v Aeronautics Comm,* 372 Mich 285; 125 NW2d 858 (1964). The appellant contends, on the other hand, that the court has awarded the plaintiff damages sounding in tort, a clear violation of the Michigan law of governmental immunity since the defendant was engaged in a purely governmental, nonproprietary, function: zoning. See: *Galli v Kirkeby,* 398 Mich 527, 534-535; 248 NW2d 149 (1976).

In order to remedy this confusing state of affairs, it is necessary that we briefly consider each of the possible bases for upholding the court's award. First, it is clear that tort damages will not lie under the instant circumstances. The plaintiff's complaint and proofs do not support such an award, and the doctrine of governmental immunity is clearly applicable under *Galli, supra.*

Second, an award of damages based upon breach of contract is equally unsupportable. This Court considered a similar question in *Midwest Teen Centers, Inc v Roseville,* 36 Mich App 627, 629-630; 193 NW2d 906 (1971). In pertinent part that panel stated:

"Our examination of the law in this case has failed to reveal any authority whatsoever that would establish that this permit is a contract. On the contrary, the only case plaintiff cites on this point, *Eastwood Park Amusement Co v Mayor of East Detroit,* 325 Mich 60 [38 NW2d 77] (1949), clearly points in the opposite direction; namely, that this permit is a license and not a contract. There, the Michigan Supreme Court stated at 76 its approval of the language used in *People v Schafran,* 168 Mich 324, 330, 334 [134 NW 29] (1912), that:

" 'The licensee has no vested property right in his license; in fact, *it would not be in the power of the legislature to make an irrepealable contract* as to that

which affects the public morals or public health so as to limit the exercise of the police power over the subject matter. * * *

" 'We have already covered the first, second, and third request to charge and have said that a license to sell liquor is not a contract but only a promise to enjoy the privilege on the terms named for a specific time, unless it be sooner revoked. The granting of a license *is an exercise of police power, and does not include any contractual relations whatsoever. Stone v Mississippi,* 101 US 814; 25 L Ed 1079 (1880).'

"The granting of this dance hall permit was clearly an exercise of the City of Roseville's police power. There is no evidence *of any consideration* running from plaintiff to defendant which is a basic ingredient of any contract. Payment of a simple license or permit fee is not such consideration as will support the existence of a contractual relationship. There is no indication that this permit was anything more than a written promise to enjoy the privilege of operating a teen club, in Roseville, on the terms named for the period specified, subject to the city's absolute right to revoke this privilege, pursuant to the procedure in condition 19." (Emphasis supplied.)

See also: 101 CJS, Zoning, § 239, p 1002; § 314, p 1097 *et seq.;* 9 McQuillin, Municipal Corporations (3d rev ed), § 26.14, pp 29-30; 4 Rathkopf, The Law of Zoning and Planning, p 82-4. While the defendant township clearly was not free to revoke the plaintiff's variance at will, its action *did not constitute a breach of contract. Souter v Bd of Zoning Appeals of the City of Grand Rapids,* 63 Mich App 451; 234 NW2d 562 (1975), cited by the plaintiff in support of his claim, is not relevant to the instant issue.

Finally, the trial court's award of damages may be upheld, at least in part, if the facts of this case indicate that the defendant township has unconstitutionally taken private property for its own use.

As the Court explained in *Armstrong v Ross Twp,*
82 Mich App 77, 82-83; 266 NW2d 674 (1978):

"In *Buckeye Union Fire Insurance Co v Michigan,*
383 Mich 630, 640-644; 178 NW2d 476, 482-483 (1970),
the Supreme Court held that the Legislature's power to
grant governmental agencies sovereign immunity is
limited by the constitutional provision prohibiting the
taking of private property for public use without com-
pensation. Const 1963, art 10, § 2. In *Tamulion v State
Waterways Commission,* 50 Mich App 60, 66-67; 212
NW2d 828, 831 (1973), this Court recognized that a
compensatory obligation arises under the constitution,
not in tort, for inverse condemnation, and that sover-
eign immunity does not insulate the state from liability
thereon.

"A township may not so restrictively zone property as
to confiscate it. Property is not confiscated unless the
ordinance 'would preclude its use for any purpose to
which it is reasonably adapted'. *Kirk v Tyrone Twp,* 398
Mich 429, 444; 247 NW2d 848, 854-855 (1976), *Kropf v
Sterling Heights,* 391 Mich 139, 163; 215 NW2d 179,
189 (1974). Mere disparity in value between uses, *Brae
Burn, Inc v Bloomfield Hills,* 350 Mich 425, 433; 86
NW2d 166, 170 (1957), *Reibel v Birmingham,* 23 Mich
App 732, 738; 179 NW2d 243, 246 (1970), or deprecia-
tion in value caused by rezoning, *Lamb v City of
Monroe,* 358 Mich 136, 144; 99 NW2d 566, 570 (1959),
will not justify a finding of confiscation."

In this case, as in *Armstrong,* however, the plain-
tiff's complaint and the proofs at trial do not
support the conclusion that a "taking" has occur-
red:

"Each of the complaints alleges in conclusional terms
confiscation, but in evaluating the complaint we ignore
conclusions and look to the facts alleged. *Binder v
Consumers Power Co,* 77 Mich App 343, 346-347; 258
NW2d 221, 224 (1977). In each case we find plaintiffs
have pled depreciation in value, not confiscation. * * *

*Plaintiffs' loss suffered in reliance upon the building inspector's representation sounds in tort, not inverse condemnation. Since neither complaint alleges facts in avoidance of immunity,* Ross Township's motion for summary judgment should have been granted." *Armstrong,* at 83. (Emphasis supplied.)

Since the record does not support the trial court's award of damages, that portion of the lower court's decision is reversed. In all other respects we affirm.

Affirmed in part and reversed in part. No costs, a public question being involved.