BADANEK v. SCHROSKEY

1. ZONING — VARIANCE — GROUNDS — CONCLUSIONS — VALIDITY.
   Variance granted to mobile home park owner permitting him to construct home sites smaller than those permitted by a municipal zoning ordinance was invalid where the variance resolution was nothing more than a repetition of the conclusory language in that ordinance defining the prerequisites to the granting of a variance.

2. ZONING—MUNICIPAL CORPORATIONS—BOARD OF ZONING APPEALS— VARIANCES—FINDINGS OF FACT—DUE PROCESS.
   Due process requires that a municipal zoning board of appeals specify the findings of fact underlying its conclusion, in any given case, that application of a zoning restriction to petitioner's land creates practical difficulties and undue hardship since in the absence of fact findings, judicial review of that board's action is made difficult or even impossible.

3. ZONING—MUNICIPAL CORPORATIONS—ENABLING ACT—BOARD OF ZONING APPEALS—VARIANCE.
   A municipal board of zoning appeals under the zoning enabling act may grant a variance from the restrictions of a zoning ordinance where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of an ordinance (MCLA § 125.585).

4. ZONING—MUNICIPAL CORPORATIONS—ZONING ENABLING ACT—VARIANCE—REQUISITES.
   Statute providing that a municipal board of zoning appeals may grant a variance from a zoning ordinance requires a showing that the practical difficulties and unnecessary hardships are unique to the petitioner's land (MCLA § 125.585).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 58 Am Jur, Zoning § 194 *et seq.*
Remedies to compel municipal officials to enforce zoning regulations. 35 ALR2d 1135.

5. ZONING — MUNICIPAL CORPORATIONS — ZONING ORDINANCE — VARI-
   ANCE — PRACTICAL DIFFICULTIES — FINANCING.

   A variance from a zoning ordinance which restricted all home
   sites to a minimum size was improperly granted to defendants,
   a mobile home park owner, where there was nothing to indicate
   that the financial difficulties posed by that size requirement
   were unique to defendant and were not general difficulties
   facing any landowner in the zoning district who wished to
   develop a mobile home park.

Appeal from Kent, Stuart Hoffius, J.   Submitted
Division 3 January 8, 1970, at Grand Rapids.
(Docket No. 6,719.)   Decided February 5, 1970.

Complaint by Charles Badanek and Mary Badanek
against Edward S. Schroskey to enjoin a zoning
variance granted to defendant.   Complaint dis-
missed.   Plaintiffs appeal.   Reversed and remanded
for granting of injunction.

*Rhoads, McKee & Boer (Richard C. Leonard,* of
counsel), for plaintiffs.

*Bergstrom, Slykhouse & Shaw (Robert G. Quinn,
Jr.,* of counsel), for defendant.

Before: V. J. BRENNAN, P. J., and R. B. BURNS
and T. M. BURNS, JJ.

V. J. BRENNAN, P. J.   The zoning ordinance of the
city of Wyoming requires that all home sites,
whether the homes be conventional or mobile, be at
least 50 feet in width and no less than 6,000 square
feet in area.   The defendant, the owner of a mobile
home park in the city of Wyoming, wished to expand
his park but with sites smaller than those allowed
by the ordinance, and petitioned the city of Wyoming
board of zoning appeals for a variance allowing the

construction of sites 45 feet in width and no less than 4,275 square feet in area. The zoning board at first denied his request but on rehearing granted it. The plaintiffs, neighbors of the defendant, protested the board's action and brought suit in the Kent county circuit court for injunctive relief. The circuit court reviewed the evidence presented to the board and dismissed the suit. For substantive and procedural reasons, the variance granted here is invalid, and we reverse.

The resolution granting the variance contains the sole statement by the board of the reasons for its action:

"WHEREAS, The Board of Appeals at its public hearing found that:

"1. The requirements set forth in Section 18 of the Zoning Ordinance that are relevant to this appeal, namely that there are exceptional or extraordinary circumstances or conditions applicable to the property or to the intended use that do not apply generally to other property or class of use in the same vicinity and district; and

"2. That such variance is necessary for the preservation and enjoyment of a substantial property right; and

"3. That the granting of such variance will not diminish the marketable value of adjacent land and improvements, or unduly increase congestion in the public streets; and

"4. That the condition or situation of the specific piece of property, or the intended use of said property, for which the variance is sought is not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such conditions or situations."

This statement is no more than a repetition of the conclusory language of the city of Wyoming ordi-

nance defining the prerequisites to granting a variance. In *Tireman-Joy-Chicago Improvement Association* v. *Chernick* (1960), 361 Mich 211, the Supreme Court considered an equally conclusory statement, one made after the board had reviewed the reports and testimony before it, and concluded that the variance granted by the board was invalid because the statement did not meet minimal standards of procedural fairness. In view of the vagueness of the limitations imposed on the board's broad powers by the enabling act* and zoning ordinance, due process, the Court argued, requires that a board of zoning appeals specify the findings of fact underlying its conclusion, in any given case, that application of the zoning restriction to the petitioner's land creates "practical difficulties" and "undue hardship." In the absence of fact findings, judicial review of the board's action is made difficult or even impossible. The statement contained in the present board's resolution is merely a conclusion of law and therefore, under *Chernick, supra,* cannot sustain the grant of a variance. See, also, *Thomas* v. *Busch* (1967), 7 Mich App 245; *Farah* v. *Sachs* (1968), 10 Mich App 198, 203.

According to the defendant, the minimum size requirement under the zoning ordinance creates an unfavorable ratio between lot and mobile home sizes, which in turn makes financing of the homes difficult or, in his case, impossible. In the proceeding before the board, the defendant alleged that he had been unable to secure financing because of the unfavorable ratio, and assigned this inability as the reason for his request of a variance.

Under the enabling act, the board of zoning appeals may grant a variance from the restrictions of a zoning ordinance "where there are practical diffi-

---

* MCLA § 125.585 (Stat Ann 1969 Rev § 5.2935).

culties or unnecessary hardship in the way of carrying out the strict letter of such ordinance." This act has been said to require a showing that the "practical difficulties" and "unnecessary hardship" are unique to the petitioner's land, see *Tireman Imp. Assn.* v. *Chernick, supra,* at 216, while other acts like it have been authoritatively held to require this showing. See the cases cited in *Puritan-Greenfield Improvement Association* v. *Leo* (1967), 7 Mich App 659, at 671–673; 1 Antieau, Municipal Corporation Law, §§ 7.58, 7.62. Moreover, the city of Wyoming ordinance provides:

"No variance in the application of the provisions of this ordinance shall be made by the board relating to the buildings, land or premises now existing or to be constructed unless, after a public hearing, the board shall find:

"1. That there are exceptional or extraordinary circumstances or conditions applicable to the property or to the intended use that do not apply generally to other property or class of use in the same vicinity and district.

\*     \*     \*

"4. That the condition or situation of the specific piece of property, or the intended use of said property, for which the variance is sought is not of so general or recurrent a nature as to make reasonably practicable the formulation of a general regulation for such conditions or situation."

From the evidence adduced before the board, there is nothing to indicate that the financial difficulties posed by the size requirement are unique to the defendant and his land and are not general difficulties that face any landowner in the zoning district who wishes to develop a mobile home park. To the contrary, defendant's request for a variance is a direct challenge to the wisdom of the zoning regulation, and is not a measure to avoid a hard-

ship that inevitably but unforeseeably arises whenever general regulations are formulated, and that does not entail the risk the general regulation seeks to prevent. The variance sought by the defendant— the development of mobile home sites less than 50 feet in width and 6,000 square feet in area—is the very thing the zoning ordinance seeks to prevent. Since it is, defendant's remedy, absent a showing that the size requirement is unreasonable in a constitutional sense, is a reduction in the requirement by the municipal legislature. See Crawford, Michigan Zoning and Planning, § 6.05 and *Farah* v. *Sachs* (1968), *supra,* at 206.

Reversed and remanded to the circuit court for entry of an order granting the injunctive relief sought by plaintiffs.

All concurred.