SIMMONS v ROYAL OAK

1. ZONING—ORDINANCES—MULTIPLE-FAMILY UNITS—FAVORED STATUS —BURDEN OF PROOF.

Multiple-dwelling developments, in light of the housing shortage in Michigan, have a favored status; a municipality has the burden of proving the validity of a zoning ordinance which excludes multiple dwellings.

2. ZONING — ORDINANCES — MULTIPLE-FAMILY UNITS — REASON-ABLENESS.

A zoning ordinance which restricted plaintiffs' lots to single-family dwellings and prohibited the construction of multiple-family dwellings was unconstitutional where defendant city's proofs failed to justify the exclusion of multiple-family development.

Appeal from Oakland, William John Beer, J. Submitted Division 2 November 11, 1971, at Detroit. (Docket No. 10698.) Decided February 23, 1972. Leave to appeal denied, 387 Mich 794.

Complaint by Timothy T. and Arlene L. Simmons against the City of Royal Oak challenging the validity of a zoning ordinance. Judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Zoning § 55 et seq.
   Zoning: Creation by statute or ordinance of restricted residence districts from which business buildings or multiple residences are excluded. 117 ALR 1117.

*Field & Field,* for plaintiffs.

*Allan G. Hertler,* City Attorney, for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

LESINSKI, C. J. Plaintiffs Timothy T. Simmons and Arlene L. Simmons brought this action challenging the validity of defendant's zoning ordinance which restricted plaintiffs' lots to single-family dwellings. The trial judge sitting as trier of fact held the ordinance unconstitutional and permanently restrained the defendant from preventing the erection of a 13-unit multiple structure. Defendant appeals as of right.

Defendant contends that the finding of the trial court that single-family residential zoning of plaintiffs' property is invalid as falling outside the statutory zoning powers was erroneous.

In *Bristow* v *Woodhaven,* 35 Mich App 205 (1971), this Court acknowledged the existence of a favored-use classification of land in Michigan which shifts the burden of proof to the municipality to prove a restrictive zoning ordinance valid.

"A review of the cases indicates that certain uses have come to be recognized as advancing the general public interest; such recognition is found in our State Constitution, statutes, judicial precedents, or a combination of these factors, * * * where a proposed use has acquired a 'favored' status and is appropriate for a given site, the presumed validity of a restrictive local ordinance fades and the burden shifts to the municipality to justify its exclusion." *Bristow,* p 212.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

This Court in *Bristow* found that the prior judicial recognition of mobile home parks as a legitimate use of land combined with the housing shortage in Michigan gave mobile home parks a "favored" status. As such, the municipality had the burden of proving the validity of the ordinance which excluded mobile home parks.

Multiple-dwelling developments have been recognized as a legitimate use of land. *Tel-Craft Civic Ass'n v Detroit*, 337 Mich 326 (1953). The same housing needs which would justify mobile home expansion apply with equal force to multiple dwellings. In *Girsh Appeal*, 437 Pa 237; 263 A2d 395 (1970), cited with approval in footnote 6 in *Bristow*, the Court held unconstitutional the exclusionary zoning-out of multiples. Accordingly, we find that the use of land for multiple dwellings must be given the same "favored" status that it would have if used for mobile homes. Consequently the burden of proof rests on the municipality to prove the validity of any ordinance which would operate to exclude multiple dwellings.

The trial court held defendant's zoning ordinance unconstitutional as applied to plaintiffs' land on the basis that it bore no reasonable relationship to the public health, safety, and general welfare.

"I am persuaded by all the testimony that I have heard and the viewing of the properties, there is no relationship in this zoning for these particular lots to over-crowding of land, avoidance of congestion of population, or problems of transportation, sewage disposal, water, education, recreation or any other public requirements.

"To my mind, the plaintiffs have met the burden of proof by a fair preponderance of the evidence to show quite to the contrary. I do not accept the testimony of the defendant."

A careful review of the record supports the trial judge's position. As the Michigan Supreme Court stated in *Alderton* v *Saginaw,* 367 Mich 28, 34 (1962):

"In zoning appeals we give weight and careful consideration to the findings of the lower court who heard the testimony, saw the exhibits and, in most instances, is familiar with the area in dispute."

In *Bristow,* p 219, this Court noted:

"Where favored uses are concerned it is for the trial court to assess, upon presentation of all proofs, whether local zoning serves to promote or inhibit the public health, safety, morals, or general welfare."

In the case at bar the trial court pointed out:

"The statute referred to, 125.583, Michigan Compiled Laws, in its last wordage says, 'and to promote public health, safety and general welfare.' Using this yardstick, the court is unable to discern, as asserted by the city, any relationship to holding the properties in question to single-family homes when almost adjacent to these lots we have multiple dwellings."

This Court is in accord with the trial judge's findings in this matter. This conclusion is amply supported by the following: (1) there is no possibility of developing these lots by erection of single homes except at a monetary loss; (2) the lots in question were platted in 1914, over one-half century ago, and are still vacant lots; and (3) the character of the area is suited to multiple-dwelling development as indicated by the existence of multiple dwellings almost adjacent to these lots.

In view of the nature of the proposed use involved herein and the failure of defendant's proofs to justify its exclusion of that use, we uphold the trial court.

Affirmed.

All concurred.