KIRNER v GENERAL MOTORS CORPORATION

1. NEGLIGENCE—OCCUPIER OF LAND—INVITEES—DUTY TO WARN.

An owner's duty to warn invitees of hidden defects or dangerous conditions on the premises extends to contractors and subcontractors performing services on the premises except where the defect or condition is obvious to the invitee.

2. WITNESSES—QUALIFICATION OF EXPERT WITNESS.

The trial court's ruling that defendant's safety director was not an expert in the lowering of heavy pieces of steel since he had not participated in an operation like the one involved in the accident in suit was not an abuse of discretion.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 May 10, 1972, at Grand Rapids. (Docket No. 11589.) Decided May 30, 1972. Leave to appeal applied for.

Complaint by Frank Kirner and Dorothy Kirner against General Motors Corporation to recover damages for negligence. Bittner Boiler and Engineering Company was added as a third-party defendant by General Motors Corporation. The action against third-party defendant was set for separate trial. Verdict and judgment for plaintiff Kirner. Defendant appeals. Affirmed.

*Egloff, Mainolfi, Taylor, McGraw & Collison,* for plaintiffs.

*Smith & Brooker, P. C.* (by *A. T. Lippert* and *Mona C. Doyle),* for defendant General Motors Corporation.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 283.
[2] 31 Am Jur 2d, Expert and Opinion Evidence § 31.

*Davidson, Chacklos, Jungerheld & Hoffman,* for Bittner Boiler and Engineering Company.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

R. B. BURNS, P. J. The third-party defendant has been granted a separate trial.

This case involves two basic issues:

(1) What is the legal duty of an owner of premises to an employee of a subcontractor on the premises at the invitation of the owner to make repairs?

(2) Did the trial judge properly rule on the restriction of certain testimony and the admission of other evidence?

Plaintiff Frank E. Kirner was employed by Bittner Boiler and Engineering Company as a boilermaker and welder. He and his foreman were sent to the defendant company to repair a cupola. The foreman directed plaintiff to cut out the lintel above the cupola's automatic charge door approximately 15 feet above the floor. Plaintiff used a ladder and climbed to the lintel with his cutting torch and hose. He tied his hose to the top of the ladder, sat on a nearby monorail and started blowing dirt off the top of the lintel with the air from his torch to determine where he would make his cut. Suddenly the lintel gave way and in falling struck the cutting torch hose, dragging plaintiff from the monorail. He fell inside to the bottom of the cupola, sustaining serious injuries.

Witnesses testified that an examination of the lintel revealed broken weld spots which were old and had been broken for some time. It is the claim

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of the plaintiff that the broken weld spots caused the lintel to fall, that the defendant knew or should have known of the dangerous condition, and that defendant had a duty to tell the plaintiff of this dangerous condition.

At the close of plaintiffs' opening statement the defendant moved for summary judgment. The motion was denied.

At the close of plaintiffs' proofs the defendant moved for a directed verdict. The motion was denied.

The defendant also objected to the trial court's instructions, as they related to the duty of an owner of premises to an employee of a subcontractor on the premises at the invitation of the owner to make repairs.

An owner of premises has a duty to warn an invitee of hidden defects or dangerous conditions on the premises. This duty is also applicable to contractors or subcontractors performing services on the premises. *Thompson v Essex Wire Co* 27 Mich App 516 (1970); *Clark v Dalman,* 379 Mich 251 (1967).

The exception to this general rule as applied in *Dees v L F Largess Co,* 1 Mich App 421 (1965), and other cases is applicable only when the condition or defect is obvious to the contractor or invitee and is not applicable in this case.

Therefore, the trial court did not err in refusing the defendant's motions for summary judgment and directed verdict.

The trial judge also correctly charged the jury as to the applicable law.

Defendant claims the trial judge erred by refusing to allow the defendant's safety director to explain to the jury the proper method of lowering a heavy piece of steel.

The trial judge determined that the safety director had never attempted or participated in an operation like the one involved in the accident and was not an expert.

The determination of whether one qualifies as an expert witness is a matter within the discretion of the trial judge. *Coles v Galloway,* 7 Mich App 93 (1967).

The defendant also claims the trial court erred by admitting the 1963 blueprints of the cupola into evidence as being irrelevant and immaterial.

The trial judge has discretion in determining materiality and relevancy of evidence. *Thompson v Peters,* 26 Mich App 590 (1970).

Affirmed. Costs to plaintiffs.

All concurred.