GEORGE v HARRISON TOWNSHIP

1. Wɪᴛɴᴇssᴇs—Exᴘᴇʀᴛ Wɪᴛɴᴇssᴇs—Qᴜᴀʟɪғɪᴄᴀᴛɪᴏɴs—Dɪsᴄʀᴇᴛɪᴏɴ.

The determination of the qualifications of an expert witness falls within the trial judge's discretion and is reversed only for abuse, and it was not abuse of the discretion of the trial judge in a zoning case to admit the expert testimony of a registered landscape architect and community planner challenged by the plaintiffs because he was not a registered professional engineer where the judge acknowledged the criticism of the witness's qualifications as affecting the weight to be given the testimony, and to accept the expert testimony of a real estate broker and appraiser on development and improvement costs after evaluating his experience and expertise.

2. Zᴏɴɪɴɢ—Tᴏᴡɴsʜɪᴘs—Zᴏɴɪɴɢ Pʟᴀɴs—Pʀᴇsᴜᴍᴘᴛɪᴏɴs—Vᴀʟɪᴅɪᴛʏ.

A township's master zoning plan drawn and adopted by its planning commission but allegedly not formally adopted by the township board is presumed to be valid and reasonable in the absence of case law or zoning legislation to support the claim of invalidity.

3. Zᴏɴɪɴɢ—Oʀᴅɪɴᴀɴᴄᴇs—Vᴀʟɪᴅɪᴛʏ—Fᴜᴛᴜʀᴇ Vᴀʀɪᴀɴᴄᴇ.

A determination of validity of a zoning ordinance as applied to plaintiff's lands based on a residential site plan proposed by defendant township which requires a variance from the ordinance and waiver when application for plat approval is submitted renders development impossible and constitutes a future justification of a present ordinance contrary to the mandate that the constitutionality of zoning ordinances be tested by their current relationship to public health, safety, and general welfare.

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 25.
[2] 58 Am Jur, Zoning § 27.
[3, 4] 58 Am Jur, Zoning § 14 *et seq.*
[5] 58 Am Jur, Zoning §§ 58, 59.
Validity of zoning regulations prescribing minimum area for house lots or requiring an area proportionate to number of families to be housed, 95 ALR2d 716.

4. ZONING—ORDINANCES—VALIDITY—FUTURE VARIANCE.

    A zoning ordinance dependent upon the existence of a variance for validity is unreasonable as applied to the property of an owner who must obtain a grant of such variance.

5. ZONING—ORDINANCES—EXCLUSIONARY PROHIBITIONS—VALIDITY.

    A zoning ordinance containing exclusionary prohibitions limiting needed housing facilities such as mobile homes and apartments, to be valid, requires a municipality to substantially justify the exclusionary ordinance by testing its relationship to the public health, safety, and general welfare of the surrounding communities as well as the local community.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 6, 1972, at Lansing. (Docket No. 12639.) Decided January 16, 1973. Leave to appeal denied, 389 Mich 787.

Complaint by George J. George and Phillip Peters against Harrison Township challenging the constitutionality of a zoning ordinance. Judgment for defendant. Plaintiffs appeal. Reversed and remanded.

*Sanborn & Liedel,* for plaintiffs.

*Ross, Bruff & Rancilio, P. C.,* for defendant.

Before: BRONSON, P. J., and DANHOF and VAN VALKENBURG,* JJ.

BRONSON, P. J. Plaintiffs are the owners of a 13-acre tract of land zoned for single-family dwellings which is located in the Township of Harrison. Plaintiffs petitioned the township, hereinafter defendant, to rezone this parcel of land to a multiple-residential district. At the completion of its zoning procedures, defendant denied this petition. Plaintiffs instituted suit in the Macomb County Circuit

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Court challenging the constitutionality of the township ordinance as applied to their property. The trial judge rendered a verdict for defendant from which plaintiffs appeal.

The property at issue is an irregularly shaped parcel whose asymmetrical dimensions are 186 feet wide on the eastern boundary, 3,216 long on the northern boundary, 170 feet wide on the western boundary, and 3,069 on the southern boundary. This tract is best described as a long narrow strip which is south of Shook Road and runs from Jefferson Avenue to Union Lake Road. Union Lake Road is currently an unimproved public road which is not likely to be improved in the immediate future. The contiguous land north of the subject parcel contains the Brittany Apartment project which runs along the western one-third of plaintiffs' property. The northern boundary of this apartment project borders the I-94 expressway. The remaining contiguous property to the north is comprised of a vacant parcel to be developed as the Brittany Lane Subdivision and the Bidigare's Casa Grande Subdivision, and a vacant parcel whose projected use is for a school and church. The adjacent land to the south of the subject parcel contains narrow strips similar to plaintiffs' tract which includes scattered houses, uncompleted single-residential construction projects and vacant land.

Plaintiffs' property was zoned RA-1, single residential, from the inception of the township ordinance to the present without exception. Based upon the narrow character of the subject parcel and nature of the surrounding uses, plaintiffs filed a petition in July, 1968 requesting that the property be rezoned to RC, a multiple-family classification. After the planning commission held a public hearing, conducted several meetings, submitted an

initial recommendation to the township board, and reconsidered the matter, it finally recommended a denial of plaintiffs' petition. The township board followed this recommendation and plaintiffs responded by filing suit in Macomb County Circuit Court on January 23, 1969. At the conclusion of the nonjury trial, the lower court judge rendered a verdict for defendant pursuant to a written opinion. From this adverse judgment plaintiffs appeal challenging the constitutionality of the zoning ordinance as applied to their property. Plaintiffs further allege the commission of error by the trial judge's acceptance of (1) testimony of defendant's expert witnesses regarding development costs and a proposed site plan for the construction of single dwellings on plaintiffs' property and (2) defendant's master plan which was not formally adopted by the township board as a foundation of reasonableness for their ordinance. We consider the secondary issues first since their disposition affects the ultimate issue raised by plaintiffs.

At trial defendant offered the testimony of Charles Leman, the city planning consultant, to establish the feasibility of developing the subject parcel as zoned. This witness had prepared a site plan for a single-residential development similar to the Orchard Beach Subdivision located on adjacent property. It was conceded by defendant that this proposal was based upon a nonconforming street size requiring a variance. Although the proposal did not conform precisely to current zoning standards and was not binding on plaintiff, the trial judge accepted its admission "for what it was worth". During Mr. Leman's testimony regarding this site plan, plaintiffs objected that he was not qualified to discuss such platting since he was not a registered professional engineer. This expert

witness was a registered landscape architect and community planner. Defendant did not dispute this claim but argued that this expert's registration as a landscape architect and community planner constituted sufficient qualification. The trial judge concluded that plaintiffs' challenge did not require exclusion of the testimony but merely affected the weight that was to be given to it.

The determination of the qualification of an expert witness falls within the trial judge's discretion and is reversed only for an abuse. *Selmo v Baratono,* 28 Mich App 217 (1970); *Accetola v Hood,* 7 Mich App 83 (1967).[1] The trial judge in the instant case acknowledged plaintiffs' criticism of Mr. Leman's qualifications but concluded that being a registered engineer was not an absolute prerequisite but that his experience in zoning matters qualified his testimony. The trial judge did not abuse his discretion by concluding that this criticism affected only the weight to be given the proffered testimony.

Plaintiffs similarly challenged the testimony of Gene Gracer, a real estate broker and appraiser offered by defendant. This witness testified to the development and improvement cost that would be associated with this property. Plaintiffs challenged this testimony on the same basis, that Mr. Gracer was not a registered engineer. The trial judge accepted this witness's statement that improvement cost constituted a necessary and incidental function of his duties and he had knowledge of current costs. We cannot say that the trial judge abused his discretion by accepting this witness's testimony after evaluating his experience and expertise.

---

[1] *Accord, Kirner v General Motors Corp,* 41 Mich App 211 (1972); *Brummitt v Chaney,* 18 Mich App 59 (1969).

Plaintiffs next challenge the foundational value of defendant's master plan, claiming that its failure to be formally adopted by the township board undermines its presumption of validity and reasonableness. Finding neither case law nor zoning legislation to support plaintiffs' claim, we find no error in according defendant's master plan, drawn and adopted by its planning commission, a presumption of reasonableness.

The ultimate issue in the present appeal is raised by plaintiffs' contention at trial that the parcel could not be economically developed as zoned. In its refutation of this charge, defendant submitted a site plan prepared by its planning consultant for the development of single-family residential dwellings. Both parties seem to be in agreement that the utilization of this site plan would require a variance from the very terms of defendant's ordinance.

The width of the subject parcel varies from approximately 186 feet on the east side to approximately 170 feet on the west side. The rules and regulations of the Macomb County Road Commission require a 60-foot roadway for platted single-family subdivisions. Defendant's own ordinance requires that homes in this district be set back from the street a distance of 30 feet and contain a rear yard of 35 feet. Recognizing the extreme difficulty in developing the subject parcel under the terms of the ordinance, defendant based its proposed site plan upon a variance permitting a 30-foot roadway. Since this variance failed to completely solve the problem, defendant's site plan contemplated both a front- and rear-yard waiver— an eight-foot variance in the front and a ten-foot variance in the rear.

Defendant supports its proposed residential site

plan by arguing that plaintiffs might apply for a waiver of the Macomb County Road Commission rules and regulations when application for plat approval is submitted. Defendant, in its brief, further states that "the Township of Harrison would give consideration to variances such as set forth in defendant's Exhibit I [proposed site plan] in order that this land could be developed for single family use". This possibility of obtaining a variance from an ordinance which admittedly renders development impossible constitutes a future justification of a present ordinance contrary to the mandate that the constitutionality of zoning ordinances be tested by their current relationship to the public health, safety, and general welfare. *Gust v Canton Twp,* 342 Mich 436 (1955); *West Bloomfield Twp v Chapman,* 351 Mich 606 (1958).

The requirements for granting a variance have been adequately enunciated by prior courts. A variance may only be granted where, owing to practical difficulties or unnecessary hardship, due to conditions peculiar to the land, the land cannot be developed within the terms of the ordinance. *Puritan-Greenfield Improvement Association v Leo,* 7 Mich App 659 (1967); *Indian Village Manor Co v Detroit,* 5 Mich App 679 (1967). The record before the Board of Zoning Appeals must support a conclusion that the conditions justifying a variance are unique to the particular property in question and not shared by others generally. *Beatrice Block Club Association v Facen,* 40 Mich App 372 (1972); *Badanek v Schroskey,* 21 Mich App 582 (1970).

Plaintiffs in the present case have owned the property since 1956. There is no evidence in this record to suggest that plaintiffs have so severed or divided their parcel as to have caused their own

difficulty. After these many tax-paying years it must surely be small solace to plaintiffs that they must apply for a variance in order to develop their property as zoned. And who can say that the standards for granting a variance as currently recognized by our courts will exist or the variance be granted? What if it is not? What if a variance is granted and thereafter challenged by the neighbors? The constitutionality of defendant's exercise of its police power by the enactment of a zoning ordinance cannot be sustained upon such conjecture or speculation. Accordingly, we hold that the challenged ordinance, dependent upon the existence of a variance for validity, is unreasonable as applied to plaintiffs' property.

This Court has recently recorded its view of zoning ordinances which seemed to unduly limit the construction of needed housing facilities such as mobile homes[2] and apartments.[3] We have imposed what has been termed an "exclusionary burden" on such prohibitions and require a municipality to substantially justify its exclusionary ordinance by testing its relationship to the public health, safety, and general welfare of the surrounding communities as well as the local community.

Defendant's justification for the prohibition of multiple-family developments on this site is the alleged inadequacy of road access and the resulting limited ability of defendant's fire department to respond to an emergency. Plaintiffs contend that the road access provided in their multiple-development site plan is more than adequate for ingress, egress, and fire protection. This dispute is

[2] *Green v Lima Twp*, 40 Mich App 655 (1972); *Bristow v City of Woodhaven*, 35 Mich App 205 (1971).

[3] *Kropf v Sterling Heights*, 41 Mich App 21 (1972), *leave granted*, 388 Mich 764; *Simmons v Royal Oak*, 38 Mich App 496 (1972).

not relevant to the reasonableness of the challenged zoning ordinance. Such issues more properly fall within the function and control of land densities rather than a determination of the type of dwelling unit to be constructed upon the subject property.

Defendant township possesses a site-plan review process in which such access and fire-protection considerations should receive detailed and technical evaluation. Plaintiffs' site plan for the construction of multiple dwellings should be designed to provide as safe and healthful a development as is consistent with the rights of the citizens who will inhabit them.

In view of our determination that the validity of a zoning ordinance may not be justified upon the possibility of a future variance, we reverse the decision of the trial court. We direct the trial court, however, to retain jurisdiction over this matter pending site-plan review of plaintiffs' proposed development. Either plaintiffs or the township may petition the trial court for a subsequent review of the requirements imposed upon plaintiffs' site plan to insure no hazard to the residents or the community.

Reversed and remanded. Costs to plaintiffs.

All concurred.