*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA MONTRIEF, DEAN T. MONTRIEF, STEVE BAILEY, DANIEL MILLS, JANET M. MILLS, COLIN ROEHM, ANJLIA MASLAK, TRUMAN CARRICO, KIMBERLY SELLERS CARRICO, JOSEPH R. RINE, LEESA R. RINE, MICHAEL RINE, JOSEPH DOWNARD, MARTHA DROW, VICTORIA L. ROBERTS, CHIP ROBERTS, DARWIN SCHOEFF, JOANNE SCHOEFF, DAVID SQUIRES, HELEN SQUIRES, RONALD G. JOHNSON, WILLIAM A. BEDELL, DONALD SCHROEDER, MARJORIE MONAGIN, BARBARA KORICAN, KEITH PRICE, JUDITH BAILEY, WILLIAM BAILEY, JOE E. O'NEAL, KAREN KOYKKA O'NEAL, and TECUMSEH MILLS AIRPORT, LLC,

UNPUBLISHED
October 06, 2025
10:01 AM

Appellants,

v

No. 366016
Lenawee Circuit Court
LC No. 2021-216712-AA

MACON TOWNSHIP BOARD OF TRUSTEES,

Appellee,

and

MUSTANG MILE SOLAR ENERGY, LLC, and CONSUMERS ENERGY COMPANY,

Intervening Appellees.

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

MARIANI, J. (*concurring in part, dissenting in part*).

-1-

I concur with the majority's conclusion that appellants are aggrieved parties, but I otherwise respectfully dissent. This strikes me as a close case, and both appellants and the majority raise fair criticisms and concerns regarding the permitting decision of the Macon Township Board of Trustees ("Board") and the circuit court's affirmance of it. But when viewing this matter through the doubly limiting lens that governs our own review, I have been unable to find, amidst these criticisms and concerns, a reversible error in the circuit court's determination. Accordingly, I would leave that determination, and the Board's decision, in place.

As the majority opinion aptly summarizes, the circuit court's review of appellants' administrative appeal was "limited to whether the [Board's] decision is authorized by law and supported by competent, material, and substantial evidence on the whole record." *Pegasus Wind, LLC v Tuscola Co*, 513 Mich 35, 44; 15 NW3d 108 (2024) (quotation marks and citation omitted). And our review of the circuit court's decision is even further limited, to whether the court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [Board's] factual findings." *Id.* at 45 (quotation marks and citations omitted).

The parties do not dispute that the circuit court correctly identified the standard governing its review of the Board's decision; at issue is whether the court reversibly erred in applying that standard. Appellants' position to that effect focuses on the adequacy of the Board's stated findings, which appellants challenge as unauthorized by law and unsupported by competent, material, and substantial evidence. These challenges comprise both procedural and substantive arguments. As to the former, appellants stress that the Board's findings simply recited the requirements of Section 16.06 of the Macon Township Zoning Ordinance ("Ordinance") while making no mention of Section 17.06, which enumerates its own requirements. This is true enough, but like the circuit court, I do not believe appellants have shown that it renders the Board's decision procedurally improper. To start, while the requirements of Sections 16.06 and 17.06 are not identical, they do overlap significantly. And to the extent the Board's stated findings did not expressly mention a requirement contemplated by Section 17.06, the decision included a catch-all finding that "[a]ll standard[s] specific and applicable to special land uses identified in other sections of this ordinance have been met."

Appellants criticize these stated findings as cursory and conclusory, but they have not shown that the Ordinance required the Board to say more. The Ordinance is by no means a model of clarity, but Sections 16.06 and 17.06, by their plain terms, appear primarily to prescribe what the Planning Commission must do in developing a recommendation for the Board; neither section expressly mentions the Board or requires it to articulate any particular findings. As to the Ordinance provisions that speak directly to the Board, Section 17.04 provides that, after receiving the Planning Commission's recommendation regarding a site plan, the Board "shall review the site plan, and the recommendation of the Planning Commission and, approve or disapprove such site plan within thirty (30) days, advising the applicant in writing of the recommendation, including any changes or modifications in the proposed site plan as are needed to achieve conformity to the standards specified in this Ordinance." And Section 16.08 provides in relevant part that, after receiving the Planning Commission's recommendation regarding a special land use permit, the Board "shall, within sixty (60) days, approve, approve with condition, or disapprove [of] such permit," and the Board's decision "shall incorporate a statement of conclusions which specify: the basis for the decision, any changes to the originally submitted application and site plan necessary to insure compliance with the ordinance, and any conditions imposed with approval." The Board's

decision appears to meet the letter of these requirements: it includes "a statement of conclusions" that specifies "the basis for the decision" and also a list of all conditions necessary to the decision.[1] While that does not in itself mean that the Board's stated conclusions were substantively adequate, appellants have not shown that those conclusions, as stated, were deficient under the terms of the Ordinance or otherwise procedurally flawed—or, more to the point, that the circuit court reversibly erred in addressing appellants' arguments to that effect.

The same holds true for appellants' challenge to the Board's decision for rejecting the Planning Commission's recommendation to deny the site plan and permit. The plain terms of the Ordinance indicate that the Planning Commission's recommendation to the Board was just that— a recommendation. While the Ordinance contemplates that the Board will consider the Planning Commission's recommendation, it does not appear to impose any requirements on the Board to follow or defer to that recommendation, or to provide additional explanation for its decision when it chooses not to. The majority takes aim at the Board's prefatory mention of the Planning Commission's recommendation in its decision—namely, the Board's statement that the decision was "[b]ased upon the information received from the applicant, as well as the deliberations and recommendation from the . . . Planning Commission, and those comments reflected in the minutes of this meeting[.]" Unlike the majority, however, I do not see anything deliberately misleading or otherwise concerning in this acknowledgement of the Planning Commission's recommendation. It does not, in my view, suggest that the Board believed—or sought to mislead others into believing—that the recommendation was for approval of the site plan and permit rather than denial (just as it does not suggest that all of the comments in the meeting minutes were supportive of approval).[2] Instead, it simply memorializes that the Board was aware of and considered the

---

[1] Nor do I see reason to conclude otherwise with respect to the statutory provisions applicable to the Board's decision, which contain comparable language. See MCL 125.3502(4) (providing that "[t]he decision on a special land use shall be incorporated in a statement of findings and conclusions relative to the special land use which specifies the basis for the decision and any conditions imposed"); MCL 125.3501(4) ("A decision rejecting, approving, or conditionally approving a site plan shall be based upon requirements and standards contained in the zoning ordinance, other statutorily authorized and properly adopted local unit of government planning documents, other applicable ordinances, and state and federal statutes.").

[2] The majority rightly observes that the circuit court, at one point in its opinion (namely, while summarizing Mustang Mile's position), stated that the Planning Commission recommended approval of the site plan and permit. This, of course, is incorrect, but for the reasons discussed above, I am not inclined to lay blame for that mistake on the Board or its decision, which (consistent with the Ordinance) simply acknowledged the Board's consideration of the recommendation. (Nor, for that matter, would I fault Mustang Mile, which made clear before the circuit court that the Planning Commission recommended denial.) In any event, nothing in the rest of the circuit court's opinion suggests to me that this mistake substantively affected the court's analysis, let alone that it led the court to apply incorrect legal principles or to misapprehend or grossly misapply the substantial evidence test in assessing appellants' claims. See *Pegasus Wind*, 513 Mich at 45. Accordingly, this mistake does not, in itself, strike me as justifying the relief afforded by the majority opinion; at most, I would consider remanding to the circuit court to correct

recommendation (among other things) in reaching its decision—as the Ordinance required it to do. That the Board's decision did not address the recommendation more fully may provide legitimate grounds for criticism, but it does not, in my view, render the decision procedurally deficient.

As noted, however, appellants' challenges to the adequacy of the Board's decision are not just a matter of procedural compliance; they also argue that the Board's cursory and conclusory decision reflects the dearth of evidentiary support for it. But here too, I fail to see a reversible error in the circuit court's decision. In addressing these arguments, the circuit court duly recognized the task before it—which was (in the court's words) not to opine on whether it "agree[d] with the [Board's] decision," but to instead determine if the decision was "supported by competent, material, and substantial evidence on the *whole record*." The court then went through the findings of the Board challenged by appellants and explained how, based on the record that was before the Board at the time of its decision, they each were supported by competent, material, and substantial evidence. Appellants strongly disagree with the court's assessments in that regard, but they do not show, in my view, that the court failed to "appl[y] correct legal principles" or "misapprehended or grossly misapplied the substantial evidence test" in making those assessments. *Pegasus Wind*, 513 Mich at 45 (quotation marks and citations omitted).[3]

In concluding otherwise, the majority focuses not on the substance of the circuit court's assessments, but on the degree to which they were based on the court's own review of the underlying record. The circuit court considered that review to be part and parcel of its obligation to determine whether the Board's decision had adequate evidentiary support "on the whole record." According to the majority, however, the court overstepped its appellate role in performing that review, and the Board's failure to articulate its own factual findings more than it did was fatal to its decision. In support, the majority relies on *Reenders v Parker*, 217 Mich App 373, 378-379; 551 NW2d 474 (1996), in which this Court stated that "[i]t is insufficient for the zoning board to merely repeat the conclusionary language of the zoning ordinance without specifying the factual findings underlying the determination that the requirements of the ordinance were satisfied in the case at hand."[4]

---

the mistake and reconsider the matter accordingly, but given the lack of indication that the mistake materially impacted the court's analysis (as well as the absence of any argument by appellants to that effect), I am not inclined to think that doing so is warranted.

[3] Similarly, I would conclude that the Board's stated findings and conditions, along with the record support underlying them, sufficiently demonstrate that the Board's decision was not arbitrary and capricious. And contrary to appellants' suggestion, the mere fact that this decision departed from the Planning Commission's recommendation does not, in my view, indicate otherwise.

[4] In support of this proposition, *Reenders* cited *Badanek v Schroskey*, 21 Mich App 582; 175 NW2d 784 (1970). *Badanek* concluded that the grant of a variance was invalid where the board's statement of reasons for granting the variance was "no more than a repetition of the conclusory language of the . . . ordinance defining the prerequisites to granting a variance" and, "[f]rom the evidence adduced before the board, there is nothing to indicate that" those prerequisites were all met. *Id*. at 584-586. In so concluding, *Badanek* discussed *Tireman-Joy-Chicago Improvement*

The majority's point in this regard is well taken, but ultimately, I am not inclined to read *Reenders* as demonstrating reversible error in the circuit court's analysis. To start, I question whether the Board's decision in this case falls within the above-quoted language from *Reenders* and its animating concerns. The Board's decision did recite the required findings of Section 16.06 without specifically elaborating on each, but as discussed, even that seemingly went beyond what the Ordinance expressly required the Board itself to state. And more substantively, the decision paired those findings with a long and detailed list of conditions on the Board's approval, which afforded additional insight into the Board's reasoning and which the court correspondingly could (and did) use to inform its review of the decision. Accordingly, while the Board's decision was certainly lacking in detail in some respects—particularly given the nature of the project at issue—it left the court with more to review than just a repetition of the minimally requisite legal standard.

Furthermore, although this Court's analysis in *Reenders* opened by noting the conclusory nature of the board's findings in that case, it did not end there. Instead, this Court proceeded to compare the board's findings to the underlying record that had been before the board, explaining how they were seemingly "nonsensical" or unfounded on that record and concluding that "we cannot affirm a decision where the record is as devoid of factual or logical support as is the case here." *Id*. at 379-381. Then, having reached that conclusion, this Court determined that the proper remedy was not to reverse or vacate the board's decision, but instead to leave it in place while remanding to the board "for further proceedings and a fuller explanation of the facts and reasoning by which the standards of [the governing legal provision] are or are not satisfied." *Id*. at 381. See also *id*. (explaining that "we do not conclude that the zoning board necessarily rendered the wrong decision or a decision that was unauthorized by law," but "only that the record developed by the zoning board is inadequate to allow us to determine whether the board's decision was supported by competent, material, and substantial evidence").

*Reenders* thus certainly provides compelling reason for a board to show its work, and had the circuit court in this case found itself unable to discern the reasoning or factual support for the Board's decision based on "the record developed" at the administrative level, *id.*, it would have been proper under *Reenders* for the court to, at minimum, send the matter back to the Board for a better explanation. Here, however, the court found itself convinced, after review of the administrative record, that the Board's decision possessed the requisite level of evidentiary support, and I do not read *Reenders* to preclude that review or to require the court to reject the Board's decision despite it.[5] I thus do not believe *Reenders* demonstrates that, by affirming the

---

*Ass'n v Chernick*, 361 Mich 211; 105 NW2d 57 (1960)—which *Reenders* also cited, and which deemed a variance invalid where "[a]ll we have is [the board's] conclusion, framed in the precise words of the ordinance, that there was 'practical difficulty and unnecessary hardship.' " *Id.* at 216.

[5] Nor do I agree with the majority's suggestion that the court's review was simply an exercise in guesswork. For instance, the Township retained a consulting firm to assist with its handling of Mustang Mile's application, and it is apparent from the record that the Board's decision was informed significantly by that firm's extensive work on the matter; that work correspondingly featured in the circuit court's evaluation of the decision's related findings and conditions. This does not strike me as unduly speculative, and I have difficulty seeing cause for concern with the court undertaking such review.

Board's decision based on its review of the "whole record," the court in this case "applied [in]correct legal principles" or "misapprehended or grossly misapplied the substantial evidence test." *Pegasus Wind*, 513 Mich at 44-45 (quotation marks and citations omitted).

Lastly, as an additional ground for reversal, the majority points to concerns regarding a conflict of interest with former Township Supervisor Wagner. Appellants raised these concerns before the circuit court, and the court found them lacking in merit. On appeal to this Court, appellants have not challenged that determination, and I fail to see how we are in a position, legally or factually, to meaningfully review it, let alone assign reversible error on its basis.

In sum, I have no doubt that both the Board and its constituents would have been far better served by a more detailed decision than what the Board provided in this case—and perhaps an amendment to the Ordinance's requirements is in order, to help ensure that happens going forward. I also believe that there is ample room for reasonable minds to disagree with the Board's decision and to criticize the way it was reached and presented—and that a different board (such as the one now in place) could reach a different decision and commit no error in doing so. But the question before us now, two layers of deference removed from the Board's decision, is much narrower than all that, and under the standards that control (and limit) our review, I do not believe appellants have shown reversible error in the circuit court's determination. Accordingly, I would affirm, and I respectfully dissent from the majority's conclusion otherwise.


/s/ Philip P. Mariani